## TRADER v. UNITED STATES.[*]

(Circuit Court of Appeals, Third Circuit. October 28, 1919.)

No. 2512.

1. POISONS ⬥4—HARRISON NARCOTIC ACT; INTENT IN SELLING.

Under an indictment for violation of Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), by selling morphine sulphate without the prescribed orders, and by buying it for illegal purposes, where defendant was a physician, but not registered as a dealer, the question of his guilt *held* to depend on whether he obtained and dispensed the drug in good faith, in the course of the legitimate practice of his profession.

2. POISONS ⬥9—HARRISON NARCOTIC ACT; INSTRUCTIONS.

Giving of an instruction, in a prosecution for violation of Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), that, while the act is a revenue measure, its clear purpose is to restrict the distribution and use of the drugs specified to medicinal purposes only, *held* not error.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Criminal prosecution by the United States against Ellsworth J. Trader. Judgment of conviction, and defendant brings error. Affirmed.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 250 U. S. —, 40 Sup. Ct. 119, 64 L. Ed. —.

James A. Wakefield and Charles H. Bracken, both of Pittsburgh, Pa., for plaintiff in error.

E. Lowry Humes, U. S. Atty., R. Lindsay Crawford, U. S. Dist. Atty., and John M. Henry, Asst. U. S. Dist. Atty., all of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

HAIGHT, Circuit Judge. Ellsworth J. Trader, the plaintiff in error, was indicted and convicted for violating certain of the provisions of the so-called Harrison Narcotic Drug Act of December 17, 1914 (38 Stat. 785, c. 1 [Comp. St. §§ 6287g–6287q]). The indictment contains 21 counts. The first 10 counts charge Trader with dispensing morphine sulphate, a derivative or salt of opium, to various individuals without the written orders required by section 2 of the act; the next 10 counts charge him with selling, as a dealer, the same drug to the same persons without having registered as a dealer in such drug and without having paid the special tax, as required by section 1 of the act; and the remaining count charges him with a violation of another provision of section 2, in that he obtained, by means of the order forms provided for in the act, large amounts of the drug for purposes other than the use thereof by him in the legitimate practice of his profession as a physician, namely, for sale by him as a dealer, although he had not registered as such a dealer and had not paid the special tax as required by the act.

[1] Although the bill of exceptions has brought before us only the indictment and the charge of the trial court, it may be fairly gathered therefrom that Trader was a practicing physician in the city of Pittsburgh, and was engaged in the dispensing or sale of morphine sulphate in such a way and to such an extent as to fairly raise a question of fact as to whether or not he was dispensing it in good faith, in the course of his legitimate practice as a physician, or whether he was using his license to practice as a physician as a mere cloak to cover the distribution or sale of the drug to drug addicts, not to effect a cure, but to satisfy their craving for it. That question was submitted to the jury with instructions that the defendant's guilt or innocence under the first 20 counts of the indictment (providing, of course, that in each individual case the act of dispensing was established) depended upon whether or not the defendant dispensed the drug to the persons therein named in good faith, in the legitimate practice of his profession as a physician, and under the twenty-first count upon the purpose for which he acquired it. The verdict has established that the defendant did not acquire the drug for use, and did not dispense it to the persons named in the indictment in the course of his legitimate practice as a physician.

It is not questioned, and was not at the trial, that the issues of fact were thus properly stated and submitted to the jury; nor is it denied that as a proposition of law the defendant's guilt or innocence depended upon the answer which the jury might make to the beforementioned questions of fact. As the defendant was not registered as

a dealer in the drug and had not paid the special tax, as required by section 1 of the act, and as he had dispensed the drug to persons without the written orders required by section 2, and also, by means of the statutory order forms, had obtained large quantities of the drug, he was unquestionably guilty of the violations charged, unless it appeared, in the one case, that the drug was dispensed or distributed in good faith, in the course of his legitimate professional practice, and in the other case that it was acquired for use therein. United States v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. 493; Webb v. United States, 249 U. S. 96, 39 Sup. Ct. 217, 63 L. Ed. 497; Melanson v. United States, 256 Fed. 783, —— C. C. A. —— (C. C. A. 5th Cir.); Thompson v. United States, 258 Fed. 196, —— C. C. A. —— (C. C. A. 8th Cir.).

The principal error assigned and relied upon is the refusal of the trial judge to charge, without qualification, one of the requests or points for instruction to the jury, namely, that the act "does not limit the amount of morphine sulphate which a physician may prescribe or administer to his patients." The learned trial judge charged the jury that, while the act "does not in specific terms" create such a limitation, "it does provide that such drug must be prescribed in the course of his professional practice only." It is true that the act does not in specific terms state how much morphine sulphate may be prescribed or administered by a physician to his patients. It does, however, exempt physicians, in the dispensing and distributing of the drugs covered by the act, from the requirements of section 2 only in such cases as are "in the course of his professional practice only."

The regulations promulgated by the Commissioner of Internal Revenue, pursuant to the authority conferred by section 1 of the act, provide for separate and distinct registration by dealers and physicians. Hence, if the defendant dispensed the drug in question not in the legitimate practice of his profession, he became a dealer in the drug and was required to register as such. Therefore whether he was a dealer depended upon whether or not he was dispensing the drug in the course of his legitimate practice as a physician. Likewise the legality of his acts in obtaining the drug by means of the statutory order forms was dependent upon whether he acquired it for use "in the legitimate practice of his profession." Manifestly, therefore, so far as the issues in this case are concerned, there is in the act just such a limitation as the learned trial judge stated. Accordingly the qualification which he made in the request or point for instruction to the jury was not only entirely proper, but, as it seems to us, was quite necessary in order that the jury might not be misled and confused. It merely reiterated in another way what had been before stated, and what admittedly was the decisive question in the case.

[2] It is next urged that the trial judge was not justified in stating, as he did in his charge, that, while the Harrison Act is a revenue measure, "its clear purpose * * * is to restrict the distribution and use of opium and its derivatives to medicinal purposes only." It is assuredly within the discretion of a trial judge, in charging a jury, to state the purpose, as he conceives it, that Congress had in passing any

given act. If an erroneous statement of such a purpose may be considered reversible error in any case, we are entirely clear that, although the Harrison Act was passed pursuant to the taxing power of Congress and is clothed in the garb of a revenue act, the learned trial judge did not misconceive or misstate the broad underlying purpose which Congress had in passing it (United States v. Jin Fuey Moy, 241 U. S. 394–402, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854), and therefore that no harm was done the defendant by the statement in question.

The only other alleged error relied upon is that certain of the language used by the trial judge—his choice of words, in reiterating to the jury the questions to be decided by them—was prejudicial to the defendant. This objection is, in our judgment, so utterly without merit as to need no discussion.

The judgment below is accordingly affirmed.