## AITON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
February 16, 1925.)

No. 4357.

**Poisons** ⚙⟹4—**Issuing prescription by registered physician for narcotic drugs not offense.**

Neither section 1 of Harrison Narcotic Act, as amended by Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g), nor section 2 (Comp. St. § 6287g), makes the issuance of a prescription for narcotic drugs by a registered practicing physician a criminal offense.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Criminal prosecution by the United States against R. A. Aiton. Judgment of conviction, and defendant brings error. Reversed and remanded with instructions to sustain demurrer and quash indictment.

Benton Dick and Arthur L. ·Goodman, both of Phœnix, Ariz., for plaintiff in error.

Geo. T. Wilson, Asst. U. S. Atty., of Phœnix, Ariz.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q). The indictment contains numerous counts, but, inasmuch as a conviction was had under the first count alone, a reference to the others becomes unnecessary.

The first count charges that the plaintiff in error, who was then and there a practicing physician, and duly registered with the collector of internal revenue for the district of Arizona as a physician under the provisions of the Act of December 17, 1914, as amended by the Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g), did then and there unlawfully, willfully, knowingly, and feloniously, and contrary to the Act of Congress aforesaid, issue and write and deliver a prescription to one George Warner for a quantity of morphine sulphate, to wit, 56 grains of morphine sulphate, not in good faith for meeting the needs of the said George Warner, not to effect a cure of the said George Warner in the course of his professional practice only, the said George Warner being then and there an habitual user of and addicted to the use of such narcotic drugs, nor to treat the said George Warner then and there suffering from an incurable or chronic disease in the course of his professional practice only,

but, on the contrary, with the intent and purpose to dispense, distribute, barter, and sell such narcotic drugs for the purpose of catering to and satisfying the cravings of said George Warner for such drug.

The plaintiff in error demurred to the indictment, and moved in arrest of judgment after verdict, upon the ground that the first and other counts of the indictment did not state facts sufficient to constitute a public offense. The rulings on the demurrer and the motion in arrest are assigned as error.

The indictment states upon its face that it is based upon section 1 of the Act of December 17, 1914 (Comp. St. § 6287g). But the government concedes that this reference is a mistake and that the reference should have been to section 2 (Comp. St. § 6287h). It would be as difficult to sustain the indictment under the latter section as under the former. Section 2 declares:

"That it shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue."

It further provides that nothing therein contained shall apply to the dispensing or distribution of any such drugs to a patient by a physician registered under the act in the course of his professional practice only, provided that such physician shall keep a record of all such drugs dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom the physician shall personally attend. It is apparent from the foregoing that the section only prohibits the sale, barter, exchange, giving away, dispensing, or distribution of drugs, except in certain cases and under certain circumstances not material here. There is no prohibition in this section or elsewhere in the act against issuing, writing, or delivering prescriptions by a physician, regardless of the intent of the physician or the purpose for which the drugs are to be used.

It is to be inferred from the language of the indictment that it was based on the decisions in United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493, and kindred cases, where indictments were sustained by the Supreme Court. But it will be found upon examination that in every such case, except where a conspiracy was charged, the indictment charged a sale or other distribution of drugs, and that in the conspiracy cases the charge was a conspiracy to sell· or distribute drugs, not a conspir-

acy to issue, write, or deliver prescriptions. For these reasons, the first count of the indictment charges no crime, and the demurrer should have been sustained.

There are numerous other assignments of error, but the testimony was not reported, and the assignments are, in most cases, not sufficient to enable us to review the rulings complained of.

Therefore, without either approving or disapproving other rulings made in the progress of the trial, the judgment is reversed and the cause remanded, with instructions to sustain the demurrer and quash the indictment.