## SMITH et. al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. December 14, 1925.)

No. 4471.

1. **Criminal law ⬱1121(2)—Sufficiency of evidence not reviewed, where bill of exceptions does not include all testimony.**

Sufficiency of evidence to sustain conviction will not be reviewed on writ of error, where bill of exceptions does not include all testimony.

2. **Conspiracy ⬱33 — Customs duties ⬱2 — Duties imposed on intoxicating liquors not unconstitutional, and conspiracy to import without paying duties is offense.**

Tariff Act Sept. 21, 1922, schedule 8 (Comp. St. Ann. Supp. 1923, § 5841a), imposing duties on imported intoxicating liquors, is not void under Eighteenth Amendment, since Congress may tax what it also forbids, and hence conspiracy to import liquor without paying duties is crime against United States.

3. **Witnesses ⬱268(2)—Refusal to permit cross-examination of prohibition agent as to source of information held proper.**

Refusal to permit cross-examination of prohibition agent as to source of agent's information that accused would attempt to land liquor without paying duties in violation of Tariff Act Sept. 21, 1922, Schedule 8 (Comp. St. Ann. Supp. 1923, § 5841a), held proper.

4. **Criminal law ⬱528—Admissions by alleged conspirators held at least admissible against said conspirators.**

Admissions by alleged conspirators were at least admissible against those making them, even if conspiracy had not been prima facie proved.

5. **Criminal law ⬱1120(4)—Alleged errors in admitting evidence not set out not considered.**

Alleged errors in admitting evidence, not set out in bill of exceptions, cannot be considered on writ of error.

*Rehearing denied February 15, 1926.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

W. S. D. Smith and others were convicted of conspiracy, and they bring error. Affirmed.

Plaintiffs in error, hereinafter referred to as the defendants, with two others, were convicted of conspiracy to import liquor in violation of the Tariff Act of 1922. Only defendants Smith and Oreb have filed a brief or made argument in support of their writ of error.

Cooper, Collings & Shreve and Fred H. Thompson, all of Los Angeles, Cal., for plaintiffs in error Smith and Oreb.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. [1] A motion for a directed verdict was overruled and an exception was reserved. The bill of exceptions does not purport to include all the testimony; on the contrary, it contains the following statement: "In addition to the testimony set out hereinabove, other testimony relevant to, and tending to prove, the guilt of each of the defendants with respect to each of the counts charged in the indictment, was introduced, received, and considered." With the record in this condition, we cannot pass on the sufficiency of the evidence to sustain the conviction.

[2] It is argued that the motion should have been allowed, for the reason that the indictment fails to state facts sufficient to constitute a crime. This contention is based wholly on the claim that so much of the Tariff Act of September 21, 1922 (Comp. St. Ann. Supp. 1923, § 5841 et seq.), as imposes duties on liquors imported is void, as in conflict with the Eighteenth Amendment to the Constitution. This claim is predicated on the assumption that the imposition of duties implies a permission to import the articles on which the duties are levied.

This assumption is unfounded. "Congress may tax what it also forbids." U. S. v. Stafoff, 260 U. S. 477, 480, 43 S. Ct. 197, 199 (67 L. Ed. 358); U. S. v. Yuginovich, 256 U. S. 450, 462, 41 S. Ct. 551, 65 L. Ed. 1043. Section 801 of the above Tariff Act provides: "Nothing in this schedule shall be construed as in any manner limiting or restricting the provisions of title II or III of the National Prohibition Act as amended." The above section is found in schedule 8 of the Tariff Act, which is the schedule in which the duties on imported liquors are prescribed. The legislative intent manifested in the enactment of the Tariff Act of 1922 is in harmony with the Eighteenth Amendment. The provisions of schedule 8 of the Tariff Act are not unconstitutional, and a conspiracy to import liquor without paying the prescribed duties is a crime against the United States.

[3] The government's evidence tended to show that the defendants were arrested as they were endeavoring to land liquor. George R. Cole, a federal prohibition agent, testified on cross-examination that he and his associates had information that defendants were to land liquor at the time and place of the arrest. Counsel for defendants then asked: "Where did you get that information?" The court sustained the government's objection to this testimony, and an exception was reserved. The ruling was correct. The testimony sought would have had no tendency to prove either the guilt or innocence of defendants.

[4] An objection and exception were reserved to evidence of some admissions made by the defendants Neal, Greenwald, and Zanetich, on the ground that the government had not at that time offered prima facie proof of the conspiracy. The admissions were evidence against the defendants named in any event. In the absence of a complete statement of the evidence previously received, we cannot say whether or not there was prima facie evidence of the conspiracy.

[5] The bill of exceptions is too fragmentary to present for our consideration the other alleged errors. Six exceptions are reserved to the admission of evidence over the objection of defendants. The evidence so admitted is not set up, and it is impossible to say that there was error to the prejudice of the complaining defendants.

The judgment is affirmed.