## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. JOHNSON et al. *

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5679.

*Rehearing denied February 10, 1930.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is a companion case to Sacramento Suburban Fruit Lands Co. v. Melin (No. 5671) 36 F.(2d) 907, to which reference is made for a more particular statement of the facts. In this instance the purchase was made September 24, 1921, while plaintiffs were residing in Duluth, Minn. The misrepresentations alleged in the complaint were the fair and reasonable value of the property purchased at $2,500, whereas it was worth only $150, and that the land was rich and fertile and capable of producing all sorts of farm crops and products, and that said land was entirely free from all things and conditions injurious or harmful to the growth of fruit trees, and that the land was perfectly adapted to the raising of fruits of all kinds and particularly peaches. The action was commenced August 30, 1927.

The first specification of error is that the court erred in sustaining a general demurrer which did not plead the statute of limitations. The only point urged in the brief is that the complaint on its face showed the action to be barred. There was no error in the ruling. (See companion cases.) There was no motion for a directed verdict. There are five specifications of error based upon exceptions to the instructions given, but these exceptions are insufficient, because in no case was the ground of the exception stated. (See companion cases.) The last specification is predicated upon the refusal of the court to give the appellant's instruction excepted to as follows: "The defendant excepts * * * to the refusal to give the instructions proposed by the defendant upon the statute of limitations or cover the scope thereof in the charge." The court elaborately instructed the jury that the plaintiff could not recover if he discovered the fraud more than three years before the action was begun. The instruction was too favorable to the plaintiff, but the

proposed instructions which have been considered in the companion cases were too favorable to the defendant, in that they assumed that the plaintiff was at all times charged with the duty of conducting an investigation for the purpose of discovering fraud, or left to the jury the question of the materiality of the facts discovered. See companion case No. 5701, Sacramento, etc., v. Tipper (C. C. A.) 36 F.(2d) 941.

Judgment affirmed.