## UNITED STATES v. SULLIVAN.
### No. 7555.

Circuit Court of Appeals, Ninth Circuit.
Jan. 21, 1935.

J. A. Carver, U. S. Atty., of Boise, Idaho, Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C.

Jess Hawley and Oscar W. Worthwine, both of Boise, Idaho, for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

Walter S. Sullivan, a veteran of the World War, claims that he became totally and permanently disabled in the month of August, 1932. He was insured under a five-year renewal of a five-year convertible term policy which had been issued by the government on July 1, 1927, for the period of five years, which policy had been continued in force for an additional five years on July 1, 1932. The veteran has paid his insurance premium regularly, and at the time of the bringing of the action the policy was still in force by reason of such payments.

The veteran testified that while in France a heavy wagon carriage having rubber tires ran over one of his feet, and that as a result he has suffered continuously from arthritis which has steadily progressed until in August, 1932, when he claims he became totally and permanently disabled by reason of multiple arthritis and pansinusitis, rhinitis, pharngitis, and neuritis. The appellant has been conducting farming operations ever since his discharge from the Army on June 19, 1919.

The appellant contends that its motion for directed verdict should have been granted because of appellee's work record. It will be observed that in this case we have an entirely different situation from that which ordinarily confronts a court and jury in an action upon a war risk insurance policy. In most of these cases the veteran ceased to pay the premiums on his insurance policy at the time of his discharge from the Army, and relies for recovery entirely upon the proposition that at that time he was totally and permanently disabled. Evidence as to his condition after the lapse of the policy is pertinent upon that issue. Under such conditions, the record of long-continued labor at a substantially gainful occupation has defeated the claim of the veteran because it demonstrated that he was not in fact totally disabled at the time he did such work, and consequently could not have been permanently disabled at any prior time. In the case at bar, however, the work record is only significant as bearing upon the progress of the arthritis and other diseases from which the veteran suffered and consequently upon the degree of the impairment of the veteran's ability to labor at a substantially gainful occupation in August, 1932. In the case at bar, appellee testifies to very extensive farming operations conducted by him and very substantial financial return therefrom since his discharge from the Army, but insists that at the time of bringing the action the diseases with which he was afflicted since the war had so far progressed as to render him totally and permanently disabled.

■ The government introduced no evidence. The evidence shows that at the time

the veteran claims he became totally and permanently disabled in August, 1932, he was suffering, and for a long time had suffered, severe pains, and was greatly handicapped in doing the work about the farm, that his condition resulted in his losing a great deal of time from gainful labor, and that these conditions were reasonably certain to be permanent. Under this evidence, we think that the question as to whether or not the veteran's right to recover for total and permanent disability had matured at the time the action was brought is one for the determination of the jury. We do not undertake to pass upon the question of whether or not the evidence is sufficient to sustain the verdict of the jury, for it will be necessary to reverse the case because of the improper admission of testimony, and the evidence upon another trial may not be the same, particularly in view of the fact that more than two years have already elapsed since the date which the veteran fixes as the beginning of his total and permanent disability.

One of the physicians who testified was given the definition of total and permanent disability contained in the policy, and asked whether or not in his opinion the veteran was totally and permanently disabled since August, 1932. It was objected that this was a direct invasion of the province of the jury, and the objection was overruled. This objection should have been sustained. U. S. v. Stephens, 73 F.(2d) 695, decided by this court November 13, 1934, and U. S. v. Spaulding, 55 S. Ct. 273, 79 L. Ed. ——, decided by the Supreme Court January 7, 1935. Appellee contends that the objection that the answer "is a direct invasion of the province of the jury" is not a sufficient objection. We think the objection is sufficient to call the attention of the court to the fact that the witness is called upon to testify to the ultimate fact for the consideration of the jury. It is also claimed that the objection was premature, in that it was made to the question as to whether or not the witness had an opinion as to whether Mr. Sullivan was totally and permanently disabled. The objection was overruled and not renewed when the witness was called upon to express his opinion. The witness was an expert witness produced by the plaintiff to testify on his behalf, and no one could doubt that he had an opinion and was prepared to state that opinion, which he did. The objection was evidently directed to the expression of that opinion, and the ruling of the court was upon that objection. There seems no room for misunderstanding of the position of the government in the matter or the nature of the objection offered or the ruling intended by the court.

Judgment reversed.