**UNITED STATES v. WHITE et al.**

No. 7245.

Circuit Court of Appeals, Ninth Circuit.

May 20, 1935.

Carl C. Donaugh, U. S. Atty., Mason Dillard and Edwin D. Hicks, Asst. U. S. Attys., and Francis T. Wade, Associate Atty., U. S. Veterans' Administration, all of Portland, Or., for the United States.

B. A. Green and Chas. W. Erskine, both of Portland, Or., for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This action was brought to recover the benefits of a policy of war risk insurance issued to Charles S. White, deceased, in 1918, while in the military service of the United States. The plaintiffs-appellees are the brother and sister of decedent, the sister being the administratrix of his estate and the brother the administrator of the estate of decedent's mother, who was the beneficiary under the policy. The complaint alleged total and permanent disability on September 27, 1919, during the life of the policy, and the jury so found. The sole assignment of error challenges the ruling of the court in denying the government's motion for a directed verdict, interposed on the ground that the evidence failed to prove the insured was totally and permanently disabled during the time his policy was in force and effect.

The insured was employed as an apprentice in a printing shop for about two years following his discharge from the army. There is testimony that he was in poor health during this time, was unable to work continuously and regularly, and had to be assisted in his work by other workers. There was also testimony of a witness who had known him immediately prior to and during his service at Brest, France; that at Brest he was suffering from a cold, "didn't look in near the physical condition he did when I knew him in Baker previous to his enlistment in the army. He looked worn out and haggard." From 1922 to the time of his death in 1930, he was continuously confined in tubercular sanitariums in Colorado, Arizona, and California, with the exception of occasional visits at home.

Dr. Bartlett, who examined the insured in September, 1920, a year after his discharge from the army, testified that the insured was then suffering from pleurisy due to a tubercular infection, and that in his opinion the insured was permanently and totally disabled by reason of pulmonary tuberculosis at the time of that examination. In answer to a hypothetical question stating the history and physical condition of the insured in the year following his discharge from the army, and embracing the generally accepted definition of total and permanent disability, Dr. Bartlett stated that in his opinion the insured was totally and permanently disabled by reason of tuberculosis at the time of his discharge from the army in September, 1919.

A hypothetical question embracing the history of the insured, his physical condition, inability to work continuously, medical treatment, etc., from 1919 to the time of his death from tuberculosis in 1930, was propounded to another physician. Basing his answer on the truth of the facts stated in the question, and a definition of total and permanent disability, the doctor answered that in his opinion the insured was totally and permanently disabled at the time of his discharge in 1919.

The foregoing testimony of the medical experts was offered and received without objection ·from the government, and the admission thereof is not assigned as error. However, ·in view of recent rulings of this and other courts [United States v. Stephens (C. C. A. 9) 73 F.(2d) 695, and cases cited; United States v. Sullivan (C. C. A. 9) 74 F.(2d) 799; United States v. Buege (C. C. A. 9) 74 F.(2d) 1021; United States v. Provost (C. C. A. 5) 75 F.(2d) 190; United States v. Spaulding, 293 U. S. 498, 499, 55 S. Ct. 273, 79 L. Ed. ——], that it is error to allow medical experts to state their opinions as to the total and permanent disability of an insured in an action on a war risk insurance policy, for the reason that· such testimony invades the province of the jury to determine for itself the ultimate and controlling issue of permanent and total disability, we must treat the admission of such evidence in this case as a plain error not assigned. (Rule 11 of this court.)

Judgment reversed, and case remanded for new trial.