## UNITED STATES v. SAMPSON.
### No. 7648.

Circuit Court of Appeals, Ninth Circuit.
Aug. 12, 1935.

James H. Baldwin, U. S. Atty., and R. Lewis Brown, Asst. U. S. Atty., both of Washington, D. C., Will G. Beardsley, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, and Randolph C. Shaw, Sp. Assts. to Atty. Gen., Young M. Smith, of Washington, D. C., and Francis J. McGan, of Butte, Mont., for the United States.

Molumby, Busha & Greenan, of Great Falls, Mont., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee brought this action under section 19 of the World War Veterans' Act 1924, as amended July 3, 1930, c. 849, § 4, 46 Stat. 992, 38 USCA § 445, to recover permanent total disability benefits under a contract of war risk term insurance granted to appellee under section 400 of the Act of September 2, 1914, as amended October 6, 1917, c. 105, § 2, 40 Stat. 409. The contract became effective on January 15, 1918, while appellee was employed in active service in the United States Navy. He was discharged from that service on February 17, 1918, and paid no premiums after that date. Consequently, his contract lapsed on March 31, 1918, unless, as he alleges, it was theretofore matured by his permanent and total disability. The jury returned a verdict in appellee's favor, the District Court entered judgment thereon, and the government has appealed.

To a medical expert, called as appellee's witness, appellee's counsel propounded a hypothetical question which, after reciting appellee's history from the date of his enlistment in 1917 to the commencement of this action in 1934, asked the witness to state whether or not, in his opinion, appellee "could during any of that time have followed a gainful occupation without injuring his health." Counsel for appellant objected to this question as being incompetent, as not being a full and complete statement of facts, and as invading the province of the jury. The objection was overruled and an exception was taken. The witness answered: "I stated in my opinion he wouldn't be able to follow a substantially gainful occupation during that time." The witness had not previously made any such statement. His answer was obviously intended, and was undoubtedly understood by the jury, as a present statement of his opinion in response to the hypothetical question.

The action of the District Court in overruling appellant's objection and permitting the witness to answer the hypothetical question is assigned as error. The assignment is well taken. In this case, as in United States v. Stephens (C. C. A.) 73 F.(2d) 695, 704, the hypothetical question "leaves to the witness the duty of surveying the whole field of human endeavor to determine whether or not the veteran was capable of engaging in any substantially gainful occupation. The hypothetical question does not ask the witness to confine his answer to any specified occupation, nor does it call the attention of the witness to the requirements of any particular occupation, and hence the hypothetical question is open to the common objection that it does not disclose the facts upon which the answer of the expert is to be based. Raub v. Carpenter, 187 U. S. 159,

161, 23 S. Ct. 72, 47 L. Ed. 119; Wigmore on Evidence, § 681. It leaves the witness, in regard to occupation, to do exactly what each juror is called upon to do; namely, to use his common knowledge as to the requirements of the various occupations and to determine upon such knowledge whether or not the veteran is capable of pursuing any gainful occupation." See, also, Deadrich v. United States (C. C. A.) 74 F.(2d) 619; United States v. Provost (C. C. A.) 75 F.(2d) 190; Hamilton v. United States (C. C. A.) 73 F.(2d) 357; United States v. Sauls (C. C. A.) 65 F. (2d) 886. In permitting this invasion of the jury's province, the District Court committed reversible error.

Judgment reversed.