**UNITED STATES v. HARRIS.**

No. 7661.

Circuit Court of Appeals, Ninth Circuit.

Sept. 9, 1935.

James H. Baldwin, U. S. Atty., of Butte, Mont., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, and Randolph C. Shaw, Sp. Assts. to Atty. Gen., and J. Gregory Bruce, Atty., Dept. of Justice, of Washington, D. C., for appellant.

Molumby, Busha & Greenan, of Great Falls, Mont., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee brought this action under section 19 of the World War Veterans' Act 1924, as amended by Act July 3, 1930, c. 849, § 4, 46 Stat. 992 (38 USCA § 445), to recover permanent total disability benefits under two contracts of war risk term insurance granted to appellee under section 400 of the Act of September 2, 1914, as amended October 6, 1917, c. 105, § 2, 40 Stat. 398, 409. Both contracts were issued and became effective while appellee was employed in active service in the United States Army. He was discharged from that service on February 19, 1919. On one of his insurance contracts no premiums were paid after January 31, 1919. On the other no premiums were paid after March 31, 1919. Consequently, these contracts lapsed on March 1, 1919, and May 1, 1919, respectively, unless, as he alleges, they were theretofore matured by his permanent and total disability. The jury returned a verdict in appellee's favor, the District Court entered judgment thereon, and the government has appealed.

A medical expert, called as a witness for appellee, testified that he had seen and treated appellee at Fort Snelling before his discharge from the Army in 1919, and had examined him many times

thereafter, the last examination being about a week before the trial. After testifying to appellee's condition, as disclosed by these examinations, the witness was asked by appellee's counsel to state whether appellee, since the witness first saw him at Fort' Snelling in 1919, "could follow a substantially gainful occupation without injury to his health, and whether or not that condition is of such a nature as to make it reasonable to suppose it will exist during his lifetime." Counsel for appellant objected to this question as invading the province of the jury. The objection was overruled and an exception was taken. The witness answered, "I will have to answer the first part no and the second part yes," and explained that what he meant was that appellee could not carry on a gainful occupation continuously, that it would be injurious if he did so, and that his condition was of such a nature as to make it reasonable to suppose that it would exist throughout his lifetime.

In admitting this testimony over appellant's objection, the District Court committed reversible error. United States v. Sampson, 79 F.(2d) 131, decided by this court August 12, 1935; Deadrich v. United States (C. C. A.) 74 F.(2d) 619; United States v. Stephens (C. C. A.) 73 F.(2d) 695. Though not assigned, this is a "plain error," which, under our rule 11, may be noticed without assignment. United States v. White (C. C. A.) 77 F.(2d) 757.

Judgment reversed.