### UNITED STATES v. NOBLE.
### SAME v. SPAULDING.
### SAME v. JACOBSEN.
#### Nos. 7776, 7784, 7786.

Circuit Court of Appeals, Ninth Circuit.
Sept. 13, 1935.

John B. Tansil, U. S. Atty., R. Lewis Brown, Asst. U. S. Atty., and Francis J. McGan, Atty., Department of Justice, all of Butte, Mont., and Will G. Beardslee, Director, Bureau of War Risk Litigation, and Keith L. Seegmiller, Attorney, Department of Justice, both of Washington, D. C., for appellant.

Molumby, Busha & Greenan, of Great Falls, Mont., for appellees.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

PER CURIAM.

In these cases, in response to a hypothetical question calling for such conclusion, plaintiffs' medical experts testified that in their opinion the plaintiff was totally and permanently disabled before the expiration of his war risk insurance policy. This evidence was incompetent. United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. 617; United States v. Stephens (C. C. A.) 73 F.(2d) 695; United States v. White, 77 F.(2d) 757, decided by this court May 20, 1935; United States v. Harris (C. C. A.) 79 F.(2d) 341, decided September 9, 1935.

In each case the government objected to the question, reserved an exception to the overruling of the objection, and assigned the ruling as error. The appellees claim that the objection to the question was not sufficiently specific to direct the attention of the trial court to its incompetency.

Reversed on the authority of United States v. White, supra, and United States v. Harris, supra.