## DU VALL v. UNITED STATES. *
### No. 7908.

Circuit Court of Appeals, Ninth Circuit.
March 2, 1936.

Leslie C. Hardy, of Phoenix, Ariz., and Otto E. Myrland, of Tucson, Ariz., for appellant.

F. E. Flynn, U. S. Atty., of Phoenix, Ariz., and K. Berry Peterson, Asst. U. S. Atty., of Tucson, Ariz., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The appellant, a physician, was charged in each of two counts of an indictment with selling morphine sulphate, a derivative of opium, to Pat Rooney, an addict. The first count charges the sale of four grains on

*Certiorari denied 56 S. Ct. 951, 80 L. Ed. ——.

March 26, 1935, and the second count charges the sale of three grains on the same day. After alleging the sale of the opium derivative, the indictment alleges that the sale was not in pursuance of a written order to the addict on the blank provided by the Commissioner of Internal Revenue; that the appellant issued a prescription for the four grains of morphine sulphate; and that Pat Rooney was not a patient of the appellant and that the morphine sulphate was dispensed and distributed by appellant "not in the course of his professional practice only." The second count is identical in form and substance other than as to the amount of the morphine sulphate. The appellant was convicted on both counts and sentenced to fourteen months imprisonment in the penitentiary and to pay a fine of $500 upon each count, the sentences to run concurrently.

The appellant's first point is thus stated in his brief:

"The indictment is fatally defective because it (a) fails to allege that Rooney obtained the drug on the prescriptions or that a sale of the drug was made otherwise by appellant and (b) because the indictment does not disclose that appellant committed the offense of depriving the government of revenue as provided by the Harrison Narcotic Act [as amended, 26 U.S.C.A. §§ 1040–1054, 1383–1391]."

Appellant relies upon a decision by this court in Aiton v. United States, 3 F.(2d) 992, and upon Strader v. United States (C. C.A.10) 72 F.(2d) 589. The indictment in each of those cases was entirely different from that involved here, for in the case at bar the indictment specifically charges a sale. The allegations in regard to the prescription are for the purpose of specifying the manner in which the sale was accomplished. The allegation that the appellant sold the morphine is equivalent to an allegation that the prescription was filled. Hood v. United States (C.C.A.) 76 F.(2d) 275; United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619.

It is unnecessary to allege that the appellant deprived the government of revenue. Barbot v. United States (C.C.A.4) 273 F. 919; Bush v. United States (C.C.A. 5) 16 F.(2d) 709.

The indictment conforms to the one approved by the Supreme Court in Jin Fuey Moy v. United States. 254 U.S. 189, 192, 41 S.Ct. 98, 65 L.Ed. 214.

Appellant claims that there is a variance between the proof and the indictment in that the indictment charges the sale to Rooney and the evidence shows a sale to agent Moore. It is therefore claimed that the court erred in denying appellant's motion for verdict of acquittal. This assignment of error cannot be considered because all the evidence upon that subject is not contained in the bill of exceptions. O'Brien's Manual of Federal Procedure, p. 43; Smith v. United States (C.C.A.9) 9 F.(2d) 386; United States v. Densmore (C.C.A.) 58 F.(2d) 748, 751. Indeed, the appellant states in his brief that "the sufficiency of the evidence to sustain the verdict is not urged because the errors assigned, if. meritorious, would defeat the judgment regardless of the sufficiency of the evidence to sustain it." We think it clear, however, from the evidence that is contained in the bill of exceptions that the sale was to Rooney. A narcotic agent furnished the money to Rooney, the sale was actually made to Rooney and for his use, and the allegation in that regard was sustained by the evidence.

The next assignment of error is that the court erred in instructing the jury relative to article 85, §§ 1 and 2, of the Regulations of the Commissioner of Internal Revenue, for the reason that the regulation is void and also because the instructions on that subject were contradictory and conflicting. Appellant's only exception to the charge was made in response to a question by the court as follows:

"Are there any exceptions to be noted?

"Mr. Hardy: We have no others to submit, but for the purpose of the record, as we are required to do, and which has been heretofore raised, we do take exceptions to that part of your Honor's charge with respect to the moral aspect of the Harrison Narcotic Act and also with respect to the regulations thereunder, in so far as they are unconstitutional and are in conflict with the Harrison Act."

We have frequently pointed out that an exception to a charge must state the ground of the exception in order that the trial court may consider the same, so that if the objection is deemed by the court to be a valid objection, it may make the appropriate correction in the instructions. An exception which merely excepts to a particular part of the charge by referring to the subject-matter is insufficient for the reason that it does not inform the court as

to the ground of the objection. O'Brien's Manual of Fed. Proc., p. 20, Supplement, p. 22; Sacramento, Suburban Fruit Lands Co. v. Loucks (C.C.A.) 36 F.(2d) 921; Sacramento Suburban Fruit Lands Co. v. Johnson (C.C.A.) 36 F.(2d) 925; Royal Finance Co. of California v. Miller (C.C.A.) 47 F.(2d) 24; State Life Ins. Co. v. Sullivan (C.C.A.) 58 F.(2d) 741; Fidelity & Casualty Co. of New York v. Griner (C.C.A.) 44 F.(2d) 706; Arnold v. United States (C.C.A.) 75 F.(2d) 144; Pacific S. S. Co. v. Holt (C.C.A.) 77 F.(2d) 192. It is no more definite in regard to the ground upon which the instruction is challenged than a reference to the instruction by a paragraph. So far as the point now under consideration is concerned, the exception reads as follows: " * * * With respect to the regulations thereunder [Harrison Narcotic Act] in so far as they are unconstitutional and are in conflict with the Harrison Act." It may perhaps be said that this exception states that the defendant objects to the inclusion in the charge of the regulations "in so far as they are unconstitutional and are in conflict with the Harrison Act," but it was the duty of the appellant in his exception to call attention to the particular features of the regulation which he claims were unconstitutional or in conflict with the Harrison Narcotic Act. This he failed to do. Furthermore, the trial court fully and correctly instructed the jury upon the question of the right of the appellant as a physician to prescribe morphine for his patients and these instructions are not criticized. They conform with the rule established by the Supreme Court in Linder v. United States, 268 U.S. 5, 45 S.Ct. 446, 69 L.Ed. 819, 39 A.L.R. 229, and Boyd v. United States, 271 U.S. 104, 46 S.Ct. 442, 70 L.Ed. 857. The court informed the jury over and over again that if the prescriptions were issued in good faith according to fair medical standards and in the cause of professional treatment, the appellant was not guilty. We quote one portion of the instructions on that subject, as follows:

"If the prescriptions were issued in good faith and according to fair medical standards, in the curing of disease, and not merely to satisfy the cravings of the said persons for such drug, then they may be said to have been issued in the course of the defendant's professional practice only; but if the prescriptions were not issued in good faith, but were issued to enable such person to obtain morphine sulphate to satisfy his appetite and cravings for such drugs only, and not in the treatment of his patient, then the issuance of such prescriptions would not be in good faith nor in the course of the defendant's professional practice as a physician, and the sale and dispensing upon such prescriptions would not be lawful."

Furthermore, although the court in its charge quoted the departmental regulation authorizing the supplying of morphine to "aged or infirm addict whose collapse would result from the withdrawal of the drug, provided he endorsed on the prescription that the patient is aged and infirm [giving age], or if he prefers he may endorse Exception 2, Article 85," the jury was nevertheless instructed to acquit notwithstanding the fact that the addict in the case at bar was only thirty-one years of age, if the prescription was made in good faith and in the course of the professional practice of the physician. This was correct.

The appellant complains that because of the quotation of the regulation in the instructions they were confusing and contradictory. The instructions were very full and elaborate covering 26 pages of the transcript. It is sufficient to say without the quotation of the instructions as a whole that we see no possibility of the jury going astray upon the question because of the quotation of the regulation. The court did not tell the jury that they were to convict if the regulations were violated. The appellant had written upon his prescription the words "Exception 1, Article 85," relating to the treatment of cancer and certain other diseases therein specified. If the defendant had intended to rely upon the fact that he was treating an addict for his disease of addiction, the indorsement "Exception 1, Article 85" was not appropriate.

Appellant assigned (rule 11) and specified as error in his brief (rule 24) the charge to the jury that "one of the objects of the Narcotic Act was no doubt intended to prevent the growing use of these narcotics deemed a menace to the nation by Congress. If a physician and the others mentioned in the exceptions could sell and dispense these narcotics regardless of the fact whether it be done in good faith for the relief of a patient, then the moral object of the Act is entirely defeated, notwithstanding the fact that it is primarily a revenue measure." The exception upon which the assignment and specification are

based is above quoted, namely, that defendant takes exceptions "to that part of your Honor's charge with respect to the moral aspect of the Harrison Narcotic Act." This exception to the charge is insufficient to raise the question sought to be presented by the assignment, the specification, and the argument in support thereof. See authorities above cited. Although the power of Congress to enact legislation with relation to the use of narcotics is based upon its powers to levy taxes, nevertheless there may be in addition a moral significance to such legislation. This was recognized by the Supreme Court in United States v. Jin Fuey Moy, 241 U.S. 394, 402, 36 S.Ct. 658, 659, 60 L.Ed. 1061, Ann.Cas. 1917D, 854, where the court said: "It may be assumed that the statute has a moral end as well as revenue in view, but we are of opinion that the district court, in treating those ends as to be reached only through a revenue measure and within the limits of a revenue measure, was right." In Linder v. United States, 268 U.S. 5, 17, 45 S.Ct. 446, 448, 69 L.Ed. 819, 39 A.L.R. 229, the court said:

"The declared object of the Narcotic Law is to provide revenue, and this court has held that whatever additional moral end it may have in view must 'be reached only through a revenue measure and within the limits of a revenue measure.' United States v. Jin Fuey Moy, 241 U.S. 394, 402, 36 S.Ct. 658, 60 L.Ed. 1061, Ann.Cas. 1917D, 854. Congress cannot, under the pretext of executing delegated power, pass laws for the accomplishment of objects not intrusted to the federal government. And we accept as established doctrine that any provision of an act of Congress ostensibly enacted under power granted by the Constitution, not naturally and reasonably adapted to the effective exercise of such power, but solely to the achievement of something plainly within power reserved to the states, is invalid and cannot be enforced. McCulloch v. Maryland, 4 Wheat. 316, 423, 4 L.Ed. 579; License Tax Cases, 5 Wall. 462, 18 L.Ed. 497; United States v. De Witt, 9 Wall. 41, 19 L.Ed. 593.; Keller v. United States, 213 U.S. 138, 29 S.Ct. 470, 53 L.Ed. 737, 16 Ann.Cas. 1066; Hammer v. Dagenhart, 247 U.S. 251, 38 S.Ct. 529, 62 L.Ed. 1101, 3 A.L.R. 649, Ann.Cas. 1918E, 724; Child Labor Tax Case, 259 U.S. 20, 42 S.Ct. 449, 66 L.Ed. 817 [21 A.L.R. 1432]."

■ The question of the source of power of the federal government in enacting legislation is not an appropriate subject for an instruction to a jury. If the statute is a valid exercise of constitutional power by Congress, the jury should be instructed what that statute is in so far as it is applicable to the question submitted to them. If the statute is unconstitutional because there is no power to enact it, the jury should not be instructed upon the subject of the statute. It is not law to govern the deliberations or verdict of a jury. In the case at bar the statement by the trial judge that the narcotic law had a moral aspect amounted to nothing more than would a statement to the jury that the matter for their consideration was one of importance which should be decided in accordance with the law and the evidence. It has been held by the Circuit Court of Appeals for the Eighth Circuit in Nigro v. United States, 7 F.(2d) 553, 559, that the giving of a similar instruction as to the purpose of the law was error. However, it was held in that particular case that the error was not prejudicial. In Trader v. United States (C.C.A.3) 260 F. 923, and Oliver v. United States (C.C.A.4) 267 F. 544, 546, the court held that it was proper to give an instruction similar to that involved herein. While we concur in the view stated by the Circuit Court of Appeals for the Third Circuit in Trader v. United States, supra, we feel that in view of this conflict of authority the trial courts should be advised not to give such an instruction. We hold that the instruction was not erroneous, that, if erroneous, it is not prejudicial and that in any event the appellant has not shown that the court erred in giving the instruction because of the failure to point out to the court the ground of the objection to the instruction in the exception taken.

■ There is another question involved in this case which requires consideration. At the time the case was argued we called attention of counsel to the fact that the hypothetical question asked of the expert witness in the case at bar, after stating the facts shown by the evidence, requests the expert to state whether in his opinion "such prescriptions were issued in good faith in the course of professional practice only of such physician." The question was not objected to upon the ground that the answer would invade the province of the jury. In some recent decisions involving war risk insurance, in the absence of appropriate objection, exception, or assignment, we have taken note of such unassigned error involving a submission to an expert wit-

ness by hypothetical question, of the ultimate fact involved in the case where the question was as to whether or not the veteran was totally and permanently disabled as a plain error unassigned. United States v. White (C.C.A.) 77 F.(2d) 757; Rules of Circuit Court of Appeals for the Ninth Circuit, rule 11; United States v. Harris (C.C.A.) 79 F.(2d) 341. We have no doubt that the submission to the expert witness of the question of appellant's good faith was error. See United States v. Stephens (C.C.A.) 73 F.(2d) 695; United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617. The question is whether or not we should consider such an error as a plain error unassigned in the absence of appropriate objection, exception, or assignment of error raising that question, as has been done in a number of late war risk insurance cases.

We suggested to counsel upon the argument that they file supplemental briefs covering the question suggested by the court as to whether or not the court should of its own motion consider as a plain error unassigned the question of whether or not there was prejudicial error arising from the form of hypothetical question. Supplemental briefs were filed but neither of them deals with the question of our duty to consider the error in the absence of appropriate objection, exception, and assignment. The appellant merely argues that it was error to submit to the expert the ultimate issue to be determined by the jury. The appellee contends that the question was proper because of the fact that matter·of medical treatment was a proper subject for expert testimony. Of this latter proposition there can be no doubt. The question of whether or not an indicated course of treatment was a proper method of treating an addict and if not what the proper method of treatment was, were appropriate questions to be submitted to an expert, but the element of good faith in the case at bar is essentially one of criminal intent, and exclusively for the determination of the jury. Without further discussion of this subject, we turn to the question of whether or not the court, in the absence of proper objection, should consider this question as a plain error unassigned in the case at bar.

We are met at the outset with the fact that all the evidence is not included in the bill of exceptions. The appellant took the witness stand in his own behalf and his testimony is not included in the bill of exceptions, nor is the testimony of any witness produced by the defendant incorporated in the bill of exceptions. We do not know whether he denied the sale or sought to justify it. We think it fairly apparent from the record that the defendant was not treating the witness for addiction. By his indorsement upon the prescription he predicated his authority to issue prescriptions upon exception No. 1, Regulations 85, which had no reference to addiction. The evidence shows that he made no examination of the addict although he had known him for three and one-half years; that he gave two prescriptions in one day to the addict who testified that he had been an addict for eighteen or nineteen years and that he was in the habit of taking from ten to fifteen grains of morphine sulphate per day. There is no indication of the dosage in the prescription except the statement "use as directed for relief of pain." Under these circumstances, we feel that the court should not reverse the case because of this unassigned error. In the war risk insurance cases the situation presented to the court grew out of the fact that for a· number of years the type of hypothetical question which was. held to be erroneous and a ground for reversal even though unassigned, had been given in a multitude of cases which had been approved by the court. In view of the fact that such a question had been held improper recently by the Supreme Court of the United States, United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617, it seemed appropriate in such cases where a jury's verdict was based upon such opinion evidence, that the case should be reversed. That conclusion was motivated somewhat by the fact that the type of war risk insurance case which now comes before the courts involve policies on which there had been no payment of premiums for periods of ten to fifteen years subsequent to the alleged permanent and total disability and no claim for benefits thereunder for such periods. In these cases many judgments were reversed because of the fact that there was no substantial evidence other than the opinion evidence to justify the verdict. In other cases there was some evidence which might justify or require the appellate court to affirm the judgment in favor of the veteran, but the evidence was so slight that the opinion evidence might well have had determining weight with the jury.

Appellant's objection to the hypothetical question was properly overruled. The objection, as stated by appellant, occupies two entire pages of the transcript. The objection quotes in its entirety Article 85 of the Regulations and states that these articles are contrary to the prohibition of the Harrison Narcotic Act and beyond the regulatory power of the Secretary of the Treasury and Commissioner of Internal Revenue. The objection thus made was not pertinent to the question for the reason that the only reference to the regulation in the question was in the statement that the prescription issued by the appellant had the indorsement "Article 85, Exception 1." This is one of the facts in the case and it is entirely immaterial whether or not the regulation authorizing or requiring the indorsement of the exception on the prescription was valid or invalid.

Judgment affirmed.