## UNITED STATES v. HIBBARD et al.

### No. 7871.

Circuit Court of Appeals, Ninth Circuit.

May 5, 1936.

John A. Carver, U. S. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., all of Boise, Idaho, Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, and Randolph C. Shaw, Sp. Assts. to the Atty. Gen., and Keith L. Seegmiller, Atty. Department of Justice, of Washington, D. C., for the United States.

Hawley & Worthwine, Jess Hawley, and Oscar W. Worthwine, all of Boise, Idaho, for appellees.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a judgment in favor of Calvin Hibbard upon his war risk insurance policy rendered in pursuance of a verdict to the effect that he was totally and permanently disabled from and after the 18th of March, 1919. Subsequent to the rendition of the judgment on October 6, 1934, the veteran died on October 25, 1934. On December 19, 1934, appellant suggested the death of plaintiff and prayed for the substitution of the widow and minor children of the deceased as parties plaintiff, alleging that there had been no proceeding instituted for the administration of his estate nor appointment of a personal representative of the deceased, and prayed the appointment of the widow as guardian ad litem for the children. The order of substitution did not appoint the widow as guardian ad litem in accordance with the prayer of the appellant. The widow had been appointed administratrix of the estate of Calvin Hibbard, deceased, on December 17, 1934. On January 5, 1935, a petition for leave to appeal was presented by the appellant and allowed by the trial court and citation thereon was issued directed to Calvin Hibbard, the deceased. The amended citation on appeal was issued February 14, 1935, directed to the widow and minor children of the deceased who had been substituted as parties plaintiff and was thereafter served upon them. On March 6, 1935, appellant filed a petition for the appointment of guardian ad litem for the minor plaintiffs in the trial court and Oscar W. Worthwine was appointed. On September 30, 1935, the guardian ad litem filed herein a motion in this court for the dismissal of the appeal alleging that no personal representative had been appointed for the estate of the decedent. No order had been made substituting an administrator or requiring such administrator to appear. On November 11, 1935, appellant moved this court to vacate the setting of the case and for the issuance of a new citation wherein, for the first time, it was shown that the widow had been appointed administratrix December 17, 1934. It appeared from the application that the widow was also the beneficiary in the war risk insurance policy. The appellant's motion for the substitution of administratrix and for the issuance of amended citation was granted, and on the 15th of November, 1935, the citation was issued and served November 19, 1935.

The widow, appearing in her capacity as administratrix, has moved to set aside the order of November 15, 1935, quash the service of the citation thereon, and to dismiss the appeal. The motion was predicat-

ed upon the delay in the substitution of the administratrix. It is claimed that this delay was violative of rule 19 of this court. The delay in that regard was occasioned by the failure of the widow and her attorneys to inform the appellant that she had been appointed as administratrix and under the circumstances clearly excusable.

We do not understand that the appellees question the jurisdiction of this court to entertain the appeal. The allowance of the appeal gave this court jurisdiction. Thomas et al. v. Green County (C.C.A.6) 159 F. 339; Nome & Sinook Co. v. Ames Mercantile Co. (C.C.A.9) 187 F. 928; Mitchell v. Lay (C.C.A.9) 48 F.(2d) 79; Jacobs v. George, 150 U.S. ·415, 14 S.Ct. 159, 37 L.Ed. 1127.

The motion to dismiss the appeal is denied.

■ The plaintiff's medical expert testified in response to a hypothetical question in the form which has been so often condemned, that in his opinion the veteran was totally and permanently disabled prior to the time his policy lapsed in 1919. This error requires reversal. U. S. v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; United States v. White (C.C.A.9) 77 F.(2d) 757; United States v. Stephens (C.C.A.) 73 F.(2d) 695; United States v. Sullivan (C.C.A.9) 74 F.(2d) 799; United States v. Sampson (C.C.A.9), 79 F.(2d) 131, filed August 12, 1935.

It is unnecessary to consider the question of the sufficiency of the evidence to sustain the verdict.

Judgment reversed.