## UNITED STATES v. EIDE.
### No. 8178.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1937.

H. H. McPike, U. S. Atty., and Thomas C. Lynch, Sp. Asst. to the U. S. Atty., both of San Francisco, Cal. (Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh and W. Clifton Stone, Attys., Department of Justice, both of Washington, D. C., of counsel), for the United States.

Alvin Gerlack, of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In an action to recover on a war risk insurance policy, the jury returned a verdict for appellee, and from the judgment entered in accordance therewith, the government appeals.

The soldier contracted influenza while in the army, and appellee seeks recovery on the ground that the soldier contracted a neuropsychiatric disease as a result of the influenza, which rendered him totally and permanently disabled.

Appellee called Dr. Edwin M. Wilder as a witness, who was given the departmental definition of total and permanent disability, and was then asked: "Bearing in mind that definition, Doctor, have you an opinion as to whether or not Arthur J. Eide was totally and permanently disabled within this definition prior to July first, 1919?" The witness replied "I think he was, yes." Another doctor testified in answer to a question of appellee that on May 16, 1929, the soldier was totally and permanently disabled. Another doctor, called by appellee, testified in answer to a question by appellee, that at the time the witness was testifying, the soldier was totally and permanently disabled.

Appellee concedes that this evidence is inadmissible. U. S. v. Spaulding, 293 U.S. 498, 506, 55 S.Ct. 273, 79 L.Ed. 617; U. S. v. Stephens (C.C.A.9) 73 F.(2d) 695; U. S. v. Sullivan (C.C.A.9) 74 F.(2d) 799; U. S. v. Sampson (C.C.A.9) 79 F.(2d) 131.

No objection was made to the testimony, and the admission thereof was not assigned as error. Under these circumstances, appellee contends that the admission was not reversible error. Rule 11 of

this court. This court [1] has heretofore held to the contrary. U. S. v. White (C.C.A.9) 77 F.(2d) 757, 758; see, also, Du Vall v. U. S. (C.C.A.9) 82 F.(2d) 382, 385. Appellee contends, however, that U. S. v. White, supra, was overruled by U. S. v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555. That case is not in point. Appellee says: "It is our understanding that in argument in the Supreme Court, counsel for the government relied heavily upon the decision of this Court in United States v. White. * * *" If that statement is true, there is little reason to believe that U. S. v. White, supra, was overruled in U. S. v. Atkinson, supra, because the latter case makes no mention of U. S. v. White. On the authority of U. S. v. White, supra, the judgment is reversed.