## UNITED STATES v. TRIANDAPLOUS.

### No. 8100.

Circuit Court of Appeals, Ninth Circuit.

March 15, 1937.

E. P. Carville, U. S. Atty., of Reno, Nev., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Young M. Smith, Atty., Dept. of Justice, of Washington, D. C., for the United States.

Alvin Gerlack, U. S. Atty., of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

To reverse a judgment on war risk insurance policy for total and permanent disability, this appeal is prosecuted.

Errors relied upon are: (a) Trial court erred in denying motion for a directed verdict; (b) error in admitting opinion evidence of doctors as to total and permanent disability.

This case is on all fours with the suit of U. S. v. Eide, etc. (C.C.A.) 88 F.(2d) 682, decided February 23, 1937. Appellee was wounded in the Battle of the Argonne, France, October 10, 1918. He received a gunshot wound six or more inches long on the interior surface of the left thigh with a comminuted fracture of the femur. The thigh bone was shattered, exposing the soft and hard parts of the bone. Osteomyelitis developed which it is claimed rendered him totally and permanently disabled.

Upon the trial the doctors testifying for appellee gave their opinion upon hypothetical questions based on the evidence in the case, and the departmental definition of total and permanent disability, that the appellee was at the time of his discharge totally and permanently disabled.

It is conceded that it was error to admit the testimony.

While this is assigned as error, no objection was made in the trial court, and the objection comes too late in this court. Wood v. Weimar, 104 U.S. 786, 26 L.Ed. 779; U. S. v. Eide, etc., supra; U. S. v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617.

Appellant insists that this court should reverse the judgment for plain error although improperly assigned. On the authority of U. S. v. Eide, etc., supra, and cases cited therein, the judgment is reversed and the case remanded for a retrial.