## DOREMUS v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. February 17, 1920.)

No. 3412.

1. POISONS ⊗⇒4—KNOWINGLY SELLING NARCOTICS ON PRESCRIPTION ISSUED TO GRATIFY APPETITE VIOLATION OF LAW WHICH PHYSICIAN AIDS AND ABETS.

Notwithstanding Harrison Narcotic Act, § 2 (Comp. St. § 6287h), exception (b), excepting sales of the prohibited drugs on the written prescription of a registered physician, a sale by a druggist, who knows that the prescription was issued to gratify the holder's appetite, and not to cure disease or alleviate suffering, violates the law, and the physician issuing the prescription, knowing it is to be filled by a druggist having such knowledge, aids and abets the violation.

2. POISONS ⊗⇒2—NEGLIGENT FAILURE TO INQUIRE NOT SUFFICIENT TO RENDER DRUGGIST GUILTY FOR FILLING PRESCRIPTION WRONGFULLY ISSUED.

Knowledge by a druggist that a prescription under the Harrison Narcotic Law was issued to gratify the holder's appetite, and not to cure disease or alleviate suffering, is essential to guilt, and negligent failure to inquire will not take the place of knowledge.

3. CRIMINAL LAW ⊗⇒1059(2)—EXCEPTIONS TO CHARGE HELD NOT TO RAISE POINT RELIED ON.

On a trial for aiding and abetting violation of the Harrison Narcotic Law, exceptions to the charge on the ground that there was no evidence of the facts hypothesized by the court in its instruction respecting knowledge, and that knowledge was immaterial when the sale was made on the prescription of a registered physician, did not raise the point, presented on appeal, that the charge authorized conviction, though the druggist had no actual knowledge, if he negligently failed to make inquiry.

4. CRIMINAL LAW ⊗⇒1111(1)—RECORD IS CONTROLLING AS TO REQUEST FOR INSTRUCTION AND FAILURE TO EXCEPT TO MODIFIED INSTRUCTION.

Where the record shows that a charge as modified was given at defendant's request, and that no exception was reserved to the giving of the modified charge, the court is controlled thereby.

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

262 F.—54     *Certiorari denied 252 U. S. ——, 40 Sup. Ct. 483, 64 L. Ed. ——.

5. CRIMINAL LAW ☞1172(6)—INSTRUCTION ALLOWING CONVICTION WITHOUT PROOF OF ACTUAL KNOWLEDGE WAS HARMLESS, WHERE ACTUAL KNOWLEDGE CONCLUSIVELY APPEARED.

On a trial for abetting a violation of the Harrison Narcotic Law by a druggist, an instruction erroneously authorizing a conviction, though the druggist had no actual knowledge that a prescription was wrongfully issued, was not ground for reversal, where reasonable men could have drawn but the one inference that the druggist had such actual knowledge.

6. CRIMINAL LAW ☞1172(1)—CONVICTION SUSTAINED WHERE ERROR IN CHARGE WAS HARMLESS AS TO CERTAIN COUNTS AND SENTENCE JUSTIFIED ON SUCH COUNTS.

Where defendant was charged with abetting violations of the Harrison Narcotic Law by different druggists, and an error in the charge was harmless as to certain of the counts, and the sentence would have been sustained by a single transaction, the judgment will not be reversed, though with respect to another count the error was not harmless.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

C. T. Doremus was convicted of offenses, and he brings error. Affirmed.

C. A. Davies and Haltom & Haltom, all of San Antonio, Tex., for plaintiff in error.

Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, Circuit Judge, and GRUBB and JACK, District Judges.

GRUBB, District Judge. The plaintiff in error was convicted in the District Court of the United States for the Western District of Texas, for alleged violations of the Harrison Narcotic Law (Act Cong. Dec. 17, 1914 [Comp. St. §§ 6287g–6287q]), under an indictment containing 12 counts. Conviction was had under the first ten counts. The plaintiff in error was a physician and duly registered as such with the collector of internal revenue and had paid the tax. He was charged with having unlawfully and willfully aided and abetted certain named druggists in making illegal sales of morphine and cocaine, by giving the persons to whom the sales were alleged to have been made prescriptions, which were by them presented to the druggists and filled by the druggists. The filling of the prescriptions was alleged to constitute the illegal sales, which the plaintiff in error was charged with having aided and abetted. The persons to whom the prescriptions were issued were at liberty to have them filled by any druggist selected by them.

There was no preconcert between the physician and druggists charged. It was charged that the plaintiff in error contemplated that his prescriptions would be filled by druggists who knew that they were issued to gratify the appetite of addicts for the drugs, and not for the alleviation of suffering or the cure of disease. The illegality in the sale is charged to have consisted in the fact that the sale was made neither to one who had or was entitled to have an order blank, nor was it made upon the prescription of a physician within the meaning of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

exception (b) of section 2 of the Harrison Act. That exception is as follows:

"To the sale, dispensing or distribution of the aforesaid durgs by a dealer to a consumer under and in pursuance of a written prescription issued by a physician * * * registered under this act."

[1] The indictment is questioned upon the idea that it alleged that the drugs were furnished by the druggists upon written prescriptions of the plaintiff in error, a registered physician, who had paid the tax, and hence that they were within the terms of the exception, and that, as no crime was committed by the druggist, no aiding and abetting could be charged against the physician. The indictment also charged in effect that the prescriptions were issued by the physician with the purpose of gratifying the appetite of the addict, and with no intent to cure disease or alleviate suffering, and that this was known to the druggist when he filled the prescription. The question is presented whether a prescription issued under such circumstances is covered by the exception. This question has been determined by the Supreme Court in the case of Webb v. United States, 249 U. S. 96–99, 39 Sup. Ct. 217, 63 L. Ed. 497. The Supreme Court answered the following question, which was certified to it, in the negative:

"If a practicing and registered physician issues an order for morphine to an habitual user thereof, the order not being issued by him in the course of professional treatment in the attempted cure of the habit, but being issued for the purpose of providing the user with morphine sufficient to keep him comfortable by maintaining his customary use, is such order a physician's prescription under exception (b) of section 2."

The Supreme Court said:

"As to question 3 [the one just set out]—to call such an order for the use of morphine a physician's prescription would be so plainly a perversion of meaning that no discussion of the subject is required. That question should be answered in the negative."

If a prescription issued under such circumstances is not a prescription protected by exception (b) of section 2 of the act, then the druggist who fills it, knowing the purpose and circumstances under which it was issued, makes a sale in violation of the law; i. e., one not on an order blank, and not in pursuance of a prescription. The physician who issues the prescription for the purpose mentioned, knowing it is to be filled by a druggist who knows of its illegality, aids and abets the druggist in violating section 2 of the act by the making of an illegal sale. The cases of United States v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. 493, and Webb v. United States, 249 U. S. 96, 39 Sup. Ct. 217, 63 L. Ed. 497, sustain the indictment.

The motion of the plaintiff in error for a directed verdict was properly denied, for the reasons given for sustaining the indictment.

[2, 3] Plaintiff in error also complained of the court's oral charge and of the action of the court in modifying a requested instruction of the plaintiff in error. These two complaints present a single question. The court charged the jury that if the druggists who filled the prescriptions—

"either had knowledge of the facts mentioned or had such information, gained from facts and circumstances surrounding the transaction as that it would be their duty, under the circumstances and situated as they were, to exercise a reasonable degree of precaution such as a reasonably prudent person, desirous of obeying the law, would adopt under like or similar circumstances surrounding them, if those circumstances were such as to put a reasonably prudent person upon notice and inquiry as to whether the sale was lawful or unlawful, then it was the duty of the said Pfeiffers, sellers, to have followed up such inquiry, and if you believe that if such inquiry had been made and if followed up would have brought knowledge of the unlawful purpose home to the Pfeiffers, sellers, then you would be authorized to infer the knowledge of the unlawful purpose on their part."

The charge applied the same rule to Prochnow and Luckenbach, who were the other druggists. The quoted portion of the court's charge placed too severe a duty on the druggists and wrongly defined imputed knowledge. The druggists were under no affirmative duty to make inquiry. Knowledge was essential to guilt on their part. It might be shown by direct proof or inferred from circumstances. But, if it was established in neither way, guilt would not exist. A negligent failure to inquire would not take the place of knowledge. The question remains whether the error in the court's charge is a reversible one. We think it is not. In the first place, the grounds of exception did not present to the District Judge the infirmity that is now insisted upon. Those grounds are (1) that there was no evidence before the court which tended to show that the Pfeiffers, or either of them, were prudent or imprudent, and the jury were not informed as to what surroundings and circumstances there would have to be to make it the duty of the said Pfeiffers, or either of them, to exercise a reasonable degree of precaution in ascertaining whether the prescription had been issued for a lawful or unlawful purpose; and (2) because exception (b) section 2 of the Act of December 17, 1914, only requires that the druggist or dealer in dispensing said drugs do so in pursuance of a written prescription issued by a physician registered under the act, and no other knowledge upon the part of the druggist is required by law. The two grounds are entirely different from the ground now relied upon. The first implies that the District Judge's definition of knowledge or what legally constitutes it was correct, but that there was no evidence to support the definition. The District Judge's attention was not called by the exception to the infirmity in his definition of knowledge. The second ground of the exception we have already held to be unwarranted, under a proper construction of exception (b).

[4, 5] The plaintiff in error requested a written instruction, which omitted all reference to knowledge. The District Judge supplied the omission by inserting in it a reference to knowledge as defined in his general charge. The plaintiff in error objected and protested to the modification of the written instruction, but the record shows that the charge as modified was given at the request of the plaintiff in error, and that no exception was reserved by him to the giving of the modified charge. Whatever the fact in this respect may have been, we are controlled by the record. The plaintiff in error also requested a written instruction defining knowledge properly, which the court declined to give. No exception, however, was reserved to the refusal

to give this requested charge. We have less hesitancy in reaching the conclusion that the question was not properly preserved, because we are impressed that the error in the court's charge caused the plaintiff in error no substantial injury, and should not avail to reverse the judgment under the terms of the Act of Congress approved February 26, 1919 (40 Statutes at Large, 1181 [Comp. St. Ann. Supp. 1919, § 1246]), which amend section 269a of the Judicial Code.

The plaintiff in error introduced no proof. The inquiry as to whether the druggists knew the character of the prescriptions issued by the plaintiff in error and which were filled by them, depended upon the proper inference to be drawn from circumstances established by undisputed testimony. If it was one upon which the minds of reasonable men could not differ, an infirmity in the court's definition of knowledge could not have been harmful to plaintiff in error. We think from the facts proven reasonable men could have drawn but the one inference, viz., that the druggists, Prochnow and Luckenbach, must have known when they filled plaintiff in error's prescription that they were not given to treat disease or to alleviate suffering, but to gratify the appetites of the persons to whom they were given. We are led to this conclusion as to Prochnow and Luckenbach from the undisputed facts that the plaintiff in error issued prescriptions only for narcotics; that many of the alleged patients were described in his prescriptions as addicts, and had the physical appearance of such; that the prescriptions were issued to the same persons repeatedly and over long periods of time and without diminution in the quantity prescribed, indicating that no cure by reduction was intended by the plaintiff in error. It is inconceivable that a pharmacist would be ignorant of the character of the prescriptions in view of the course of business established by the evidence. The druggists concerned conducted their business in person.

[6] With reference to the Pfeiffers reasonable minds might have reached different conclusions as to their knowledge or want of knowledge of the character and purpose of the prescriptions. The transactions in which they participated were fewer and less conclusive. The plaintiff in error was convicted because of transactions through the Pfeiffers, Luckenbach, and Prochnow. He was sentenced to prison for two years, without fine. One transaction would have sustained the sentence. If he was rightfully convicted because of the prescriptions filled by Luckenbach and Prochnow, or either, the sentence must be sustained, though it were not defensible if it was required to be based on transactions with the Pfeiffers. We think the judgment of conviction under the counts which related to prescriptions filled by Prochnow and the Luckenbachs should be sustained, notwithstanding an error in the charge of the court in defining the term, knowledge.

As the conviction on those counts warrants the sentence imposed by the District Court the judgment of the District Court is affirmed.