## GOON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4729.

**1. Criminal law ⬩1120(3).**

As a general rule, appellate courts cannot pass on exceptions to exclusion of evidence, in absence of avowal in record as to what excluded evidence would have been.

**2. Criminal law ⬩1170(3)—Refusal to permit accused to show that hand bag was found in his room, if error, held harmless, in view of subsequent admission of evidence relating thereto.**

In prosecution for concealing opium known to have been illegally imported, refusal to permit accused to show that black hand bag was found in his room by government agents, if error, was harmless, in view of subsequent admission of evidence relating thereto.

**3. Criminal law ⬩1056(1).**

In absence of exception, special assignment of error that instructions were argumentative will not be considered by Circuit Court of Appeals.

**4. Criminal law ⬩1038(3)—In absence of request to charge, objection that instructions failed to charge theory of defense will not be considered by Circuit Court of Appeals.**

Where instructions given fairly and dispassionately covered law of case, objection that they failed to charge respecting theory of defense will not be considered by Circuit Court of Appeals, in absence of request to charge.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Mark Goon was convicted under the Jones-Miller Narcotic Act of concealing opium, knowing it to have been unlawfully imported into the United States, and he brings error. Affirmed.

Fred G. Remann and W. W. Mount, both of Tacoma, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. Plaintiff in error Mark Goon and one Ga Lee were indicted under what is commonly called the Jones-Miller Narcotic Act (42 Stat. 596), and were convicted of concealing opium, knowing the same to have been unlawfully imported into the United States.

Briefly, the evidence shows that government agents went to a certain hotel in Seattle, Wash., on November 26, 1924, and while watching outside they saw Mark Goon enter the hotel. They followed him to the third floor. He walked past his room, and when he saw the agents he "tried to go to the toilet." He was told to go to his room, and replied that he had no room there. About that time the hotel maid appeared, and Goon said to her, "I have room 325, understand." The maid opened the door to room 326, which the agents searched, and there found narcotics. While conducting the search, Ga Lee arrived, inserted a key in the door and entered. He was searched by the agents, and both yen shee and smoking opium were found on his person. Nothing in the nature of narcotics was found on the person of Mark Goon.

The hotel clerk testified that one week previously, on November 19th, Mark Goon registered and paid a week's rent for room 326, which was thereafter occupied by two "Chinese boys." Mark Goon testified that he stayed there only two nights and then turned the room over to Ga Lee, when he left for Tacoma, and that after returning to Seattle on the night of November 22d he stayed with a friend. He further testified that Ga Lee was his secretary, whom he paid for his services as such $80 a month, and disclaimed all knowledge of the opium found in the room. Ga Lee made no denial concerning his possession or knowledge of the narcotics, other than his formal plea of not guilty, and his testimony tended to corroborate that of Mark Goon. It would appear from the record that the former endeavored to assume responsibility for the presence of the narcotics where found. However, no claim is made that the evidence is insufficient to support the verdict of the jury as against both defendants.

[1, 2] In support of the writ it is claimed that the District Court committed error in refusing to permit counsel for plaintiff in error to show on cross-examination of a government witness that a black hand bag had been found in room 326. Nothing had been asked the witness about such a bag on direct examination. It is no doubt true, as pointed out by counsel, that, where a witness has been examined as to a part of a transaction, he may be required upon cross-examination to give the whole, and it is now claimed that the purpose of the question was to show that but one black bag was found in the room, that it was the property of Ga Lee, and that plaintiff in error had no baggage of any kind in the room. The question did not appear on its face to be proper cross-examination, and the purpose of the question now transpires for the first time, it would seem as the result of an afterthought. As a rule, appellant courts cannot pass on exceptions to the exclusion of evidence, in the absence of an avowal in the record as to what the excluded evidence would have been. In any event, the point is without merit, for it was later shown, and not disputed, that there was only one hand bag in the room, and that it belonged to Ga Lee.

[3] The other assignment of error relied upon is equally without merit. It has reference to the instructions of the court. The claim is, first, that certain instructions were argumentative; and, second, that the court failed to charge the jury with reference to the theory of the defense of plaintiff in error.

As to the first of these objections, no exception was taken that the instructions were in any respect argumentative. Certain parts of them are selected and cited in support of this contention, and, disconnected from their context, some plausibility is lent to the argument; but a candid reading of this part of the court's instructions negatives counsel's contention. In no way did the court indicate its own view, if, indeed, it entertained any.

[4] As to the second objection, no request was made for an instruction pointed to the theory of the defense. The instructions covered the law of the case. They were judicial, dispassionate, and fair to the defendants.

The judgment is affirmed.