ROBINSON et al. v. UNITED STATES.*

Circuit Court of Appeals, Ninth Circuit.
June 17, 1929.

No. 5665.

*Rehearing denied August 12, 1929.

Robert B. McMillan, of San Francisco, Cal., and Mark Herron and Davis A. L'Esperance, both of Los Angeles, Cal., for appellant Robinson.

Harold C. Faulkner and James B. O'Connor, both of San Francisco, Cal., for appellant Randolph.

George J. Hatfield, U. S. Atty., and George M. Naus and Joseph L. Sweeney, Asst. U. S. Attys., all of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. Early in 1925, Cromwell Simon and Harry M. Kassmir, under the firm name of Cromwell Simon & Co., formulated a plan or method for the acquisition of high-grade securities listed on the New York stock exchange by the payment of one-fifth down and the balance in ten equal quarterly installments. A more detailed statement of the plan is not deemed necessary for present purposes, because the fraud charged in the indictment was not in the plan itself, but in its underlying purpose. The indictment returned against Simon, Kassmir, Samuel H. Robinson, Orton E. Goodwin, and J. W. Randolph charged, among other things, that it was a part of the plan, called in the indictment a scheme and artifice to defraud, that the defendants would, whenever possible, require the purchasers, called victims, to deliver over to them valuable securities as alleged collateral to secure deferred payments on the stock subscribed for, and that the defendants would take and embezzle such collateral securities to their own use and benefit without accounting to the victims therefor, and thus defraud the victims of their money and property. It is then charged in different counts that the defendants, for the purpose of executing the scheme and artifice to defraud, placed, and caused to be placed, in the United States post office, or caused to be delivered by the post office establishment of the United States, a large number of letters and circulars, copies of which were attached to the indictment as exhibits. The indictment contained 38 counts in all, but the scheme and artifice to defraud was set forth in the first count, and was made a part of the remaining counts by reference only. A demurrer to the first count was sustained, for the reason that it failed to charge the use of the post office establishment of the United States in and for the purpose of executing the scheme and artifice, but was overruled as to the remaining counts. Upon the trial, the jury returned a verdict of guilty against the defendant Randolph as to all counts and against the defendant Robinson as to counts 25 to 38, inclusive, except counts 33 and 34. A general judgment or sentence was pronounced on each count, the judgment or sentence on the different counts to run concurrently. From the judgment thus rendered, the defendants have appealed.

The first assignment of error is based on the ruling of the court overruling the demurrer to all counts of the indictment, except the first. The fact that a demurrer to the first count was sustained, for reasons already stated, did not impair or destroy the effect of that count for reference purposes. Barnard v. United States (C. C. A.) 16 F.(2d) 451. It cannot be seriously contended that the first count of the indictment failed to charge a scheme and artifice to defraud, but it is earnestly insisted in behalf of the appellants that the indictment failed to charge that the indictment letters, circulars, and documents, or any statements therein contained, were false or fraudulent. But there is no such legal requirement. "Whether the contents of the circular were true or false was immaterial. The letters or circulars that are mailed need only be 'in and for executing' the scheme to defraud." Grey v. United States (C. C. A.) 172 F. 101. See, also, Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709; Rumble v. United States (C. C. A.) 143 F. 772; Walker v. United States (C. C. A.) 152 F. 111; Lemon v. United States (C. C. A.) 164 F. 953.

It is further contended that the indictment contained no adequate assignment of the falsity of the representations made by the parties charged. But, if we should concede this to be true, the fact remains that there was enough left in the indictment to constitute a crime, as will sufficiently appear from the statement already made concerning the purpose and intent of the parties to embezzle the collaterals deposited with them as security.

Again, it is contended that the charge as to the use of the mails was defective as to some of the counts, but there is no contention that such defect existed as to all counts upon which the judgment was entered, and the rule is well settled that, "where conviction is had upon more than one count, the sentence, if it

does not exceed that which might be imposed on one count, is good if that count is sufficient." Kuehn v. United States (C. C. A.) 8 F.(2d) 265, and cases there cited. For these reasons, the demurrer was properly overruled.

The appellants, before the trial, demanded a bill of particulars, and the denial of the request or demand is assigned as error. The demand was in many respects similar to the one considered by this court in Rubio v. United States, 22 F.(2d) 766, where we said:

"To require the government to set forth every act tending to connect each of the parties charged with the conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case. Such is not the office or function of a bill of particulars. In almost every prosecution facts and circumstances are given in evidence of which the charge in the indictment gives no notice. If the defendant is taken by surprise, the court has ample power to protect him by granting a continuance upon a proper showing, or by granting a new trial if his rights cannot otherwise be safeguarded; but, if not taken by surprise, he has no just ground for complaint."

The indictment was reasonably certain and definite in respect to the crime charged, and there was no abuse of discretion in the ruling complained of.

The other assignments of error on the part of the appellant Robinson are very general. Their substance is, that the court erred in the admission of evidence against him, prior to any joint or other participation by him in any scheme; that the court erred in the admission of evidence against him of the acts, declarations, and admissions of codefendants subsequent to the termination of the scheme, and that the court erred in the admission against him, and to his prejudice, of a mass of incompetent testimony. These assignments utterly fail to comply with rule 24 of this court, which provides that the brief shall contain a specification of the errors relied on, and, when the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. But, waiving the manifest insufficiency of the assignments, they are not well taken. If we assume that the testimony referred to was incompetent as against this appellant, there is no claim that it was not competent as against the other defendants on trial, and, if it was competent against any of the parties on trial,

the court could not properly exclude it. The utmost the court could do would be to limit its consideration either at the time of its admission or in its general charge, and there was no request for any such limitation at any time. Furthermore, a scheme to defraud, when shared in by several, becomes a conspiracy, and, if a conspiracy exists in fact, the rules of evidence are the same as where a conspiracy is charged. Belden v. United States (C. C. A.) 223 F. 726; Van Riper v. United States (C. C. A.) 13 F.(2d) 961. This disposes of the objection to evidence of acts and declarations both before the appellant became a party to the scheme or conspiracy and during his connection therewith, if such acts and declarations were in furtherance of the object of the conspiracy. Of course, a different rule would apply to acts and declarations after the conspiracy had terminated or after the appellant had openly severed his connection therewith, but whether any such acts or declarations were admitted in evidence we are not advised, and must decline to scrutinize a voluminous record with a view of ascertaining that fact.

The only other assignment of error on the part of this appellant is based upon a refusal of the court to instruct the jury to the effect that the civil doctrine that a person is bound by the acts of his agent within the scope of his authority has no application to criminal law, and that, if a person is liable at all criminally for the acts of another, such liability must be founded upon authorized acts. Here again the requested instruction entirely ignores the well-established rules applicable to conspiracy cases.

The assignments of error on the part of the appellant Randolph, not already considered, are that the court erred in admitting in evidence the revocation by the corporation commissioner of the state of the license and permit theretofore issued to the firm of Cromwell Simon & Co. to do business, and that the court erred in refusing to direct a verdict of not guilty in his favor. Whether the admission of the testimony was proper or improper, it is sufficient to say that the appellant brought out the fact himself on his direct examination, and he is in no position to complain. On the other question, it is not denied that some person or persons committed the offense charged in the indictment, and the only question is, Was this appellant connected therewith? The testimony was ample to show that he took an active part in the conduct of the business of Cromwell Simon & Co., and whether he so participated with guilty knowledge was a question of fact

for the consideration of the jury under the testimony in the case.

We find no error in the record, and the judgments are affirmed.