## LEVEY et al. v. UNITED STATES.
### No. 8316.

Circuit Court of Appeals, Ninth Circuit.
Oct. 29, 1937.

Rehearing Denied Dec. 7, 1937.

690

H. Sylvester Garvin and Anthony Savage, both of Seattle, Wash., for appellant Levey.

Leslie H. Dills, of Seattle, Wash., for appellant Davis.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Appellants were convicted under an indictment charging use of the mails to defraud and a conspiracy, and have appealed.

The statute alleged to be violated is 18 U.S.C.A. § 338, which provides in part: "Whoever, having devised * * * any scheme or artifice to defraud, or for obtain-

ing money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange * * * for unlawful use any * * * security * * * of any State * * * municipality * * * corporation * * * shall, for the purpose of executing such scheme or artifice * * * knowingly cause to be delivered by mail according to the direction thereon * * * any such letter * * * circular, pamphlet, or advertisement, shall be fined."

The indictment named seventeen defendants. It charged a scheme with several parts.

It was alleged that a part of the scheme was to organize Guardian Securities Corporation, a Washington corporation, as a stock brokerage concern; that defendants would then solicit business, obtain subscription orders for various stocks and securities for investors, who would deliver money or property to obtain such stocks and securities; that defendants would represent that such stocks and securities would be held available for delivery to the investors upon completion of payment therefor. It was charged, however, that in fact, defendants' purpose was to appropriate the money and securities delivered to the investors to their own use and benefit, without execution of the orders given by the investors.

Another part of the scheme alleged was that defendants would obtain subscriptions for stocks from investors on the so-called collateral plan; that defendants would represent that marketable securities delivered to defendants by the investors would be held as collateral for loans to carry such subscriptions. Defendants' purpose, however, as alleged, was to immediately sell the collateral and appropriate the proceeds to their own use.

Another part of the plan set forth in the indictment was for defendants to obtain an option to purchase stock in Dixie Comstock Gold Mining Company, a corporation, at 12½ cents a share, and to sell said stock to investors at 25 cents a share, increasing the price to 40 cents a share by representing that there was a rising market therefor. It was charged that in fact there was no rising legitimate market and that there was no alleged syndicate formed to purchase back from the investors such mining stock at 50 cents a share as represented.

There were eleven counts in the indictment, each of the first ten containing a communication mailed within the last six

months of 1934. The eleventh count charged a conspiracy to violate 18 U.S.C.A. § 338. Appellant Levey (also known as Laney) was found guilty on all counts except the seventh. Appellant Davis was found guilty only on the eleventh, or conspiracy count. Both appealed, but at the argument the appeal of Davis was, on his motion, dismissed.

Appellant challenges the sufficiency of the evidence, contending that the scheme was not proven. There was evidence that Guardian Securities Corporation had an office containing a battery of telephones; that salesmen would contact the investors by means of telephone calls, after which personal calls were made on the investor. Appellant, Harris, and Rude organized the corporation, and appellant was the guiding spirit. There was evidence that a number of investors were in fact defrauded in the manner charged in the indictment. The investors delivered money or property and received nothing in return. The communications specified in the indictment were sent through the mails. This evidence, if believed by the jury, is amply sufficient to sustain their verdict of guilty against appellant.

Appellant contends that the evidence shows that the receiver of, Guardian Securities Corporation had sufficient assets to liquidate all liabilities; that the failure of the investors to complete payment was the basic reason for failure of the company to deliver the stock; and that at most appellant Levey was guilty only of negligence in the manner and methods in which the business was conducted. While the jury might have so concluded, it did not do so, but found against all these contentions on evidence which at most was conflicting only. In those circumstances no error appears.

It is also contended that the evidence is insufficient to sustain conviction on the conspiracy count. This contention may be briefly disposed of. Levey worked with others and defrauded investors. The jury could properly infer that Levy and the others had agreed to do so. In fact it would do violence to the evidence to infer the contrary.

In this connection appellant complains of the following instruction given to the jury: "Any party coming into a conspiracy or scheme to defraud at any stage of the proceedings with knowledge that an illegal scheme or conspiracy is in operation, becomes under the law, a party to and responsible for all acts done by any of the other parties either before or afterwards in furtherance of the common design. One who joins such a scheme or conspiracy adopts for himself and makes him responsible for all that preceded as well as what is done during his personal participation."

We hold that the instruction was not erroneous. Robinson v. United States (C.C.A.9) 33 F.(2d) 238, 240; Marino et al. v. United States (C.C.A.9) 91 F.(2d) 691.

Appellant objected to the introduction in evidence of the books and records of Guardian Securities Corporation, and contends that such records are inadmissible because none of the defendants had dominion or control over them. Witness Beckman testified: " * * * I worked as a bookkeeper, accountant and had charge of the books and records of the Guardian Securities Company [Corporation]. During my term of employment the officers of the company, namely Laney, Harris and Rude referred to the books * * * In my work I received orders from Laney, Harris and Rude * * *"

The court carefully charged the jury: " * * * Before any entry in such books can be considered by you in determining the guilt of any defendant, it must first be proven to you beyond all reasonable doubt that such defendant made or caused to be made that particular entry, or that it was made with his knowledge and under his supervision. Unless you so find, no entry in the books of account can be considered by you in any manner as proving or tending to prove the guilt of any defendant."

Under these circumstances, there was no error in the admission of such books and records. See Wilkes v. United States (C.C.A.9) 80 F.(2d) 285, 290.

Appellant also objected to the introduction in evidence of the records of Wilson-Fairbanks Company and Hachez & Company, and contends that they were inadmissible because they were records of third persons over which none of the defendants had any control. These records were not introduced to show admissions of appellants but to show the almost immediate sale of collateral. In Wilkes v. United States (C.C.A.9) supra, 80 F.(2d) 285, 290, it is said: "The general rule is that, before the books of a corporation can be received in evidence against a defendant oth-

692

er than the corporation itself, the entries therein must be shown to have been made by persons having knowledge of the facts, and must be corroborated by their testimony, if living and accessible, or by proof of their handwriting, if dead, insane, or beyond the reach of process."

The rule was complied with here, and, inasmuch as the evidence was pertinent, there was no error in the admission of such records.

■ While the witness Dearborn, a former employee of Guardian Securities Corporation, was testifying, she was handed a sheaf of papers consisting of forms used by the corporation, copies of letters written and received, and copies of advertising literature used. She identified all the documents except one. Appellee thereupon offered the sheaf of papers in evidence except the one not identified. The court below, over the objections of appellants, removed the document not identified from the papers and admitted the rest in evidence. Appellant contends that such action constituted misconduct on the part of the judge. Obviously this contention is without merit. Since the document was not offered in evidence, the court below rightly removed it.

■ In this connection appellant also contends that the court below was guilty of misconduct in suggesting to counsel questions which should be asked of various witnesses. Without relating the various instances referred to, we believe appellants' complaint to be clearly without foundation.

■ Appellant also attempts to raise the question by assignment 49, that the court was guilty of misconduct in permitting counsel for appellee to ask leading questions and in admitting incompetent testimony and later striking it. The assignment, we believe, is too general to merit consideration.

■ There are four assignments of error stating that the court erred in admitting certain letters into evidence. The assignments do not state what such evidence was. Appellee's contention that the assignments should not be considered, because they do not comply with rule 11 of this court, must be sustained. That rule requires the assignments to state the "full substance of the evidence." This the assignments fail to do.

■ An accountant for appellee examined some of the records of Guardian Securities Corporation, and made summaries. When he read from the summaries a motion to strike such evidence given was granted. He thereupon testified, using the summaries only to refresh his memory. Appellant now contends the latter evidence was erroneously admitted. Such evidence was admissible. Harris v. United States (C.C. A.9) 48 F.(2d) 771, 777; Wilkes v. United States (C.C.A.9) supra, 80 F.(2d) 285, 291. In Greenbaum v. United States (C.C.A.9) 80 F.(2d) 113, the books of account from which the summaries were made were not available for cross-examination. Such is not the case here. Actually the books were introduced in evidence.

■ Appellant objected to evidence concerning transactions, telephone conversations, and dealings with Guardian Securities Corporation, without identifying such transactions with any of the defendants. We briefly dispose of the complaint in this regard by saying that, if these matters were not connected with any of the defendants, they could not possibly be prejudiced.

■ At the time of the arrest of appellant, a postal inspector questioned him. He testified at the trial stating certain admissions made by appellant. Appellant now contends that such admissions are in the same position 'as a plea of guilty which is withdrawn and a plea of not guilty substituted. In that instance it is asserted that the plea of guilty is not admissible in evidence. Kercheval v. United States, 274 U. S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. However novel the argument seems, we do not believe that rule to be here applicable. The admissions were admissible as declarations against interest, inasmuch as there was no evidence to show that such admissions were not voluntarily made.

■ The court charged the jury as follows: "Persons may not be convicted for acts done in good faith but if the apparent good faith is smothered by unwarranted statements, and false and reckless representations made for the purpose of enticing persons to make investments which they would not otherwise make, a condition is presented which enthusiasm cannot justify nor optimism excuse."

Appellant contends that the construction is erroneous, confusing, and misleading. We believe it is subject to no infirmity. The instruction is substantially like the rule stated in Linn v. United States (C.C.A.7) 234 F. 543, 552.

The court also charged the jury: "You will appreciate that Congress has passed the Mail Fraud Law with the purpose of having it enforced; that it is a very important law, passed for the protection of the public against schemes to despoil and defraud, and to prevent the Postal Service from being used as an agency in furthering such schemes; and that it is the duty of all public officials charged with its enforcement, among whom are you jurors, to proceed with such enforcement fearlessly and diligently, without prejudice or favoritism, or sympathy."

Appellants assert that this instruction made the jurors law enforcement officers and removed them·from the position of impartial triers of fact. A reading of all the instructions shows that the trial court carefully guarded the rights of appellant by its repeated instructions that the jurors must not find the defendants guilty unless convinced of their guilt beyond a reasonable doubt. If the instruction was error, we believe appellant could not possibly have been prejudiced.

Assignments of error not discussed in the foregoing opinion were not urged by appellant and are therefore deemed abandoned.

Finding no error affecting the substantial rights of appellant, the judgment is affirmed.

MATHEWS, Circuit Judge (concurring in part).

I concur in the result and, except as indicated below, agree with what is said in the main opinion.

Four assignments of error, numbered 19, 21, 24, and 39, are to the admission of evidence concerning telephone conversations and dealings with Guardian Securities Corporation. These assignments do not state the full substance of the evidence referred to, as required by our rule 11.

Assignment 20 states that the trial court "repeatedly erred" in directing the prosecution and suggesting to government counsel questions which should be asked of the various witnesses, but cites no specific instance thereof. Assignment 47 is to the admission of testimony of a post office inspector concerning statements made to him by appellant at the time of appellant's arrest. This assignment complains of six distinct rulings of the trial court, to each of which an exception was taken. Both assignments (20 and 47) violate our rule 11,

which requires assigned errors to be set out separately and particularly.

For the reasons indicated, assignments 19, 20, 21, 24, 39, and 47 should be disregarded, and the questions thereby attempted to be raised should not be considered or decided.