## UNITED STATES v. KLEIN.
### No. 6908.

Circuit Court of Appeals, Seventh Circuit.
Oct. 16, 1939.

Rehearing Denied Nov. 14, 1939.

Martin O. Weisbrod, of Chicago, Ill., for appellant.

William J. Campbell, U. S. Atty., and Mary D. Bailey, both of Chicago, Ill.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant Klein, with Harry Lerner, was charged by grand jury indictment with the violation of the narcotic laws and with conspiracy. The first count charged them with the sale of eight ounces and forty-eight grains of morphine to Andrew Koehn for $535, on June 1, 1938, without an order from him on a form issued by the Commissioner of Internal Revenue, as required by 26 U.S.C.A. § 1044(a). The second count charged them with having received, concealed, bought, sold and facilitated transportation and concealment after importation of the same narcotics, and on the same date, in violation of the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 174. The third count charged them with a conspiracy to commit the substantive offense charged in the second count. The verdict of the jury found Harry Lerner not guilty on any of the counts, and it found appellant guilty on each of the first two counts, but not guilty as to the third count.

Judgment of imprisonment was rendered on the verdict as to appellant, and from that judgment this appeal is prosecuted. The errors relied upon for reversal are as follows: (1) The record does not show that the judgment and verdict were supported by substantial evidence which proves appellant guilty beyond a reasonable doubt; instead it shows entrapment; (2) the court erred in allowing prejudicial cross-examination of appellant; (3) the court erred in its charge to the jury on the law of entrapment; and (4) the court erred in refusing to give proper instruction on the law of entrapment which was tendered by the appellant.

The record discloses, and it is not denied, that the sale was made as charged. However, a reversal is sought on the grounds that the sale was accomplished by means of entrapment, and that the cross-examination was prejudicial. We think it is unnecessary to set forth the evidence bearing on this question. It is sufficient to say that a reading of this entire record convinces us beyond doubt that the uncon-

tradicted evidence discloses that there was no entrapment as to appellant. This being true, we think there is no reversible error with respect to the court's charge to the jury on entrapment and its refusal to give appellant's instructions on that subject.

The cross-examination of appellant, which is claimed to have been prejudicial, related to appellant's acquaintance with and relation to certain persons who were assumed to be unlawful dealers in narcotics or had been convicted of charges of that nature. Appellant's objections to some of these questions were sustained by the court and others were overruled and were answered. The substance of the admitted testimony, however, was that appellant was acquainted with these parties and was a cousin of one of them. If these rulings were erroneous we think they were harmless in view of the fact that appellant's guilt, aside from the question of entrapment, was not denied. At most, the evidence complained of would have no effect except perhaps as an influence upon the fixing of the penalty. There is no claim here relied upon that the penalty was excessive with respect to the crime here charged and proved. It is clear to us that the court was not influenced in the least by such evidence.

Judgment affirmed.