## LOWRANCE v. UNITED STATES.
### No. 10512.

Circuit Court of Appeals, Ninth Circuit.

Dec. 13, 1943.

Clarence E. Rust, of Oakland, Cal., for appellant.

Frank J. Hennessy, U. S. Atty. and R. B. McMillan and Joseph Karesh, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

## PER CURIAM.

Appellant was convicted on a charge of violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311. The substance of the charge, as set out in the indictment, was that he had knowingly failed to perform a duty resting upon him under the Act and the regulations in that, having been classified as a conscientious objector in Class IV-E, he failed to comply with the order of his local selective service board requiring him to report for service in a civilian public works camp, a camp for conscientious objectors, as provided in the Act and regulations.

Appellant moved to quash the indictment and also moved for an instructed verdict of acquittal on the ground that the indictment failed to state a public offense. After conviction he moved in arrest of judgment allegedly on the same ground. The only error assigned relates to the rulings of the court denying these several motions.

The judgment is affirmed on the authority of Hopper v. United States, 9 Cir., 142 F.2d 181.

MATHEWS, Circuit Judge (concurring in the result).

Appellant was indicted for violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311, and moved to quash the indictment. The motion was denied. Appellant pleaded not guilty and was tried. At the close of appellee's evidence, appellant moved for a directed verdict. The motion was denied. Appellant introduced evidence in his own behalf and, at the close of all the evidence, moved for a directed verdict. The motion was denied. The jury returned a verdict of guilty. Appellant moved to arrest judgment. The motion was denied. Appellant was sentenced and has appealed.

Four alleged errors are assigned. Assignment 1 is that the trial court erred in denying appellant's motion to quash the indictment. The denial of such a motion is not reviewable.[1]

Assignment 2 is that the trial court erred in denying appellant's motion for a directed verdict at the close of appellee's evidence. Appellant waived this motion by introducing evidence in his own behalf.[2]

Assignment 3 is that the trial court erred in denying appellant's motion for a directed verdict at the close of all the evidence. The denial of this motion cannot be reviewed without a bill of exceptions containing all the evidence.[3] There is no bill of exceptions.

Assignment 4 is that the trial court erred in denying appellant's motion in arrest of judgment. The record does not disclose the grounds, if any, on which this motion was made. We therefore cannot say that its denial was error.

The judgment should be affirmed.

---

[1] Ramirez v. United States, 9 Cir., 23 F.2d 788, 789: Johnson v. United States, 9 Cir., 59 F.2d 42, 44; Sutton v. United States, 9 Cir., 79 F.2d 863, 864. See, also, Hopper v. United States, 9 Cir., 142 F.2d 167, 181.

[2] Baldwin v. United States, 9 Cir., 72 F.2d 810, 812; Sheridan v. United States, 9 Cir., 112 F.2d 503, 504. See, also, Hopper v. United States, supra.

[3] Ballestrero v. United States, 9 Cir., 5 F.2d 503; Rasmussen v. United States, 9 Cir., 8 F.2d 948, 949; Smith v. United States, 9 Cir., 9 F.2d 386, 387; Hall v. United States, 9 Cir., 48 F.2d 66, 67; Love v. United States, 9 Cir., 74 F.2d 988; Patrick v. United States, 9 Cir., 77 F.2d 442, 445; DuVall v. United States, 9 Cir., 82 F.2d 382, 383.