## CONWAY v. UNITED STATES.
### No. 10414.

Circuit Court of Appeals, Ninth Circuit.
Jan. 3, 1944.

W. H. Chester, of Phœnix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., and E. R. Thurman, Asst. U. S. Atty., both of Phœnix, Ariz., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 311,[1] and moved to quash the indictment. The motion was denied. Appellant pleaded not guilty and was tried. At the close of all the evidence, appellant moved for a directed verdict. The motion was denied. Appellant was convicted, was sentenced and has appealed.

■ Six alleged errors are assigned. Assignment 1 is that the court erred in denying the motion to quash the indictment. The denial of a motion to quash an indictment is not reviewable.[2] Hence this assignment cannot be considered.

■ Assignments 2 and 3 are that the court erred in admitting evidence.[3] Assignment 4 is that the court erred in rejecting evidence.[4] These assignments do not, as required by Rule 2(b) of our rules governing criminal appeals, "quote the grounds urged at the trial for the objection and the exception taken and the full substance of the evidence admitted or reject-

---

[1] The indictment charged that on May 14, 1942, at Glendale, Arizona, appellant, "being then and there a person liable for training and service under the Selective Training and Service Act of 1940, and the amendments thereto, and having theretofore registered under said Act, knowingly, wilfully, unlawfully, and feloniously did fail and neglect to perform a duty required of him under and in the execution of said Act and the rules and regulations duly made pursuant thereto, in this that [appellant], having been classified in Class IV-E by his local board, being Maricopa County Local Board No. 6, created and located in Maricopa County, Arizona, under and by virtue of the provisions of the Selective Training and Service Act of 1940, as amended, and the rules and regulations issued thereunder, and * * * having been duly assigned by said board to work of national importance under civilian direction, and having been duly ordered and notified by said board to report for work of national importance under civilian direction, * * * knowingly, wilfully, unlawfully and feloniously did fail and neglect to report to his said local board at 9:30 A. M., on the 14th day of May, 1942, or at any other time, for work of national importance under civilian direction, as he was re-

quired to do by said order. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

[2] United States v. Hamilton, 109 U.S. 63, 3 S.Ct. 9, 27 L.Ed. 857; Goodfriend v. United States, 9 Cir., 294 F. 148, 150; Ramirez v. United States, 9 Cir., 23 F.2d 788, 789; Johnson v. United States, 9 Cir., 59 F.2d 42, 44; Sutton v. United States, 9 Cir., 79 F.2d 863, 864; Tudor v. United States, 9 Cir., 142 F.2d 206. See, also, Hopper v. United States, 9 Cir., 142 F.2d 167, 181; Lowrance v. United States, 9 Cir., 142 F.2d 192.

[3] Assignment 2 relates to the admission of a letter (appellee's exhibit 7) from A. M. Tuthill, Selective Service Director for the State of Arizona, to J. S. Brazill, Chairman of Maricopa County Local Board No. 6. Assignment 3 relates to the admission of a letter (appellee's exhibit 11) from James Stokeley, Clerk of the Board of Appeals, Selective Service System, to the Chairman of Maricopa County Local Board No. 6.

[4] Assignment 4 relates to the rejection of affidavits (appellant's exhibit A) of members of a sect called Jehovah's Witnesses.

ed." Hence these assignments need not be considered.[5] However, we have considered them and find no merit in them.

Assignment 5 is that the court erred in denying the motion for a directed verdict. To consider this assignment would require a bill of exceptions containing all the evidence.[6] There is no such bill. The bill brought here does not purport to, and admittedly does not, contain all the evidence.

After the bill of exceptions was settled, the trial court ordered its clerk to transmit, and he did transmit to this court, a reporter's transcript of evidence taken and proceedings had at the trial of this case. The order was improper and ineffectual. The reporter's transcript is not a bill of exceptions and is no part of the record.[7]

Undoubtedly we could, in our discretion, permit the bill of exceptions to be amended by incorporating therein all evidence contained in the reporter's transcript.[8] With a view to determining whether we should exercise that power, we have examined the reporter's transcript and find that the evidence therein was sufficient to warrant appellant's conviction and hence was sufficient to warrant denial of the motion for a directed verdict. Since, therefore, to exercise the power mentioned would avail appellant nothing, we decline to exercise it.[9]

Assignment 6 is that the court "erred in refusing to give to the jury the defendant's [appellant's] requested instructions [10] and further erred in the court's instruction to the jury to the effect that the defendant cannot offer as a defense that

[5] Wheeler v. United States, 9 Cir., 77 F.2d 216, 218; Levine v. United States, 9 Cir., 79 F.2d 364, 367; Muyres v. United States, 9 Cir., 89 F.2d 783; Levey v. United States, 9 Cir., 92 F.2d 688, 692; Waggoner v. United States, 9 Cir., 113 F.2d 867, 868; Utley v. United States, 9 Cir., 115 F.2d 117, 119; Tudor v. United States, supra. See, also, Hopper v. United States, supra.

[6] Rasmussen v. United States, 9 Cir., 8 F.2d 948, 949; Smith v. United States, 9 Cir., 9 F.2d 386, 387; Hall v. United States, 9 Cir., 48 F.2d 66, 67; Patrick v. United States, 9 Cir., 77 F.2d 442, 445; DuVall v. United States, 9 Cir., 82 F.2d 382, 383; Tudor v. United States, supra. See, also, Lowrance v. United States, supra.

[7] Hursh v. Killits, 9 Cir., 58 F.2d 903; Lau Lee v. United States, 9 Cir., 67 F. 2d 156; Tudor v. United States, supra.

[8] See Rules 4 and 9 of the Rules of Criminal Procedure after Plea of Guilty, Verdict or Finding of Guilt, 18 U.S.C.A. following section 688; Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L. Ed. 976; Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, 9, 58 S.Ct. 468, 82 L.Ed. 607; Long v. United States, 9 Cir., 90 F.2d 482; Reiner v. United States, 9 Cir., 92 F.2d 321; Noland v. United States, 9 Cir., 92 F.2d 820; Ross v. United States, 9 Cir., 102 F.2d 113; Walker v. United States, 9 Cir., 113 F. 2d 314, 316–319, 129 A.L.R. 725; Tudor v. United States, supra.

[9] Cf. Hopper v. United States, supra; Tudor v. United States, supra; Flynn v. United States, 9 Cir., 139 F.2d 669.

[10] The following instructions were requested and refused:

"1. The Selective Service Board cannot bind a registrant by an arbitrary classification against all of the substantial information before it as to his proper classification. Classifications by such agency must, under the powers given it by Congress be honestly made, and a classification made in the teeth of all substantial evidence before such an agency is not honest but arbitrary.

"2. An individual cannot be deprived of his rights of freedom of person even in war time, except through machinery which guarantees the fundamentals of 'due process of law' and a classification by a Selective Service board not supported by any evidence is arbitrary and constitutes an abuse of discretion depriving defendant of due process of law and his right to freedom of religion guaranteed under the Constitution of the United States.

"3. As to conscientious objectors, it is apparent that they may be required to serve in noncombatant work either by induction into the land or naval forces or by assignment to work under civilian direction. If a conscientious objector is found by the board to be that of one whose claim that he is a conscientious objector has been sustained by the board for 'induction' into the land or naval forces for noncombatant service, he cannot be required by the board to be assigned to serve under civilian direction, and violates no duty required of him under the Act if he fails to report for such service.

"4. The provision that one who shall 'knowingly' fail or neglect to perform

the order of the Board [11] is arbitrary and capricious."[12] This assignment does not, as required by Rule 2(c) of our rules governing criminal appeals, "set out * * * totidem verbis" the instruction given or the instructions refused. Hence this assignment need not be considered.[13] However, we have considered it and have reached the conclusions indicated below.

The evidence shows that, as charged in the indictment, appellant was "classified in class IV–E by his local board," which is to say, the evidence shows that he was classified as being concientiously opposed to participation in war in any form and to participation in noncombatant service in the land or naval forces of the United States and as being, therefore, assignable to work of national importance under civilian direction.[14] There is no evidence that his classification was arbitrary, or that he was at any time classified otherwise than as stated above. In other words, there is no evidence to which appellant's requested instructions 1, 2 and 3 [15] could have applied. Hence, even if these instructions were correct, the refusal to give them did not prejudice appellant.[16]

The record brought here contains a part of the court's charge,[17] but does not contain or purport to contain the whole thereof. Thus, for all we know, the charge may have contained the substance, if not the words, of appellant's requested instruction 4.[18] We therefore cannot say that the refusal to give this instruction was error.[19]

There is no evidence that the board whose order appellant disobeyed (Maricopa County Local Board No. 6) acted in an arbitrary or capricious manner or denied appellant a full and fair hearing. Hence, even if erroneous, the instruction [20] the giving of which is here complained of did not prejudice appellant.[21]

One of the questions discussed in appellant's brief is whether the indictment charged an offense, his contention being that it did not. Although the question is not properly raised,[22] we have considered it and hold that the indictment charged an offense.[23]

Judgment affirmed.

---

duty required by Selective Service Act shall be subject to certain penalties implies wilful knowledge and a specific intent and defendants in selective service cases are permitted to give their reasons for failure to obey, as going to intent."

[11] Meaning, obviously, Maricopa County Local Board No. 6. See footnote 1.

[12] The instruction actually given was as follows: "You are instructed that even if a local draft board acts in an arbitrary and capricious manner, or denies a registrant a full and fair hearing, nevertheless the registrant must comply with the board's order. The registrant may not disobey the board's orders and then defend his dereliction by collaterally attacking the board's administrative acts. In other words, the registrant may not lawfully disobey the local draft board's order to report for induction and then offer as a defense for his failure to comply with the board's order, some arbitrary or capricious Act of the board in determining his classification and issuing the order."

[13] Haugsted v. United States, 9 Cir., 68 F.2d 148, 149; Macklin v. United States, 9 Cir., 79 F.2d 756, 757; Waggoner v. United States, supra.

[14] See § 5(g) of the Selective Training and Service Act of 1940, 50 U.S.C.A.

Appendix § 305(g), and regulations thereunder.

[15] See footnote 10.

[16] Bird v. United States, 187 U.S. 118, 132, 23 S.Ct. 42, 47 L.Ed. 100; Lonergan v. United States, 9 Cir., 88 F.2d 591, 595.

[17] See footnote 12.

[18] See footnote 10.

[19] Andrews v. United States, 162 U.S. 420, 424, 16 S.Ct. 798, 40 L.Ed. 1023; Saito v. United States, 9 Cir., 141 F. 653, 655; Johnston v. United States, 9 Cir., 154 F. 445, 449; Magon v. United States, 9 Cir., 248 F. 201, 205; Hall v. United States, supra.

[20] See footnote 12.

[21] Bullard v. United States, 4 Cir., 245 F. 837, 839; Elgin, Joliet & Eastern R. Co. v. United States, 7 Cir., 253 F. 907, 911–913; Doremus v. United States, 5 Cir., 262 F. 849, 852, 13 A.L.R. 853; United States v. Klein, 7 Cir., 108 F.2d 458; Tudor v. United States, supra.

[22] There was no demurrer to the indictment.

[23] Cf. Hopper v. United States, supra; Lowrance v. United States, supra; Tudor v. United States, supra; Elder v. United States, 9 Cir., 142 F.2d 199; Crutchfield v. United States, 9 Cir., 142 F.2d 170.