## TUDOR v. UNITED STATES.
### No. 10413.

Circuit Court of Appeals, Ninth Circuit.
Jan. 3, 1944.

W. H. Chester, of Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., and E. R. Thuirman, Asst. U. S. Atty., both of Phoenix, Ariz., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311,[1] and moved to quash the indictment. The motion was denied. Appellant pleaded not guilty, was tried, was convicted, was sentenced and has appealed.

Four alleged errors are assigned. Assignment 1 is that the court erred in denying the motion to quash the indictment. The denial of a motion to quash an indictment is not reviewable.[2] Hence this assignment cannot be considered.

Assignments 2 and 3 are that the court erred in admitting evidence.[3] These assignments do not, as required by Rule 2 (b) of our rules governing criminal appeals, "quote the grounds urged at the trial for the objection and the exception taken and the full substance of the evidence admitted." Hence these assignments need not be considered.[4] However, we have considered them and find no merit in them.

Assignment 4 is that the court erred in instructing the jury that, "even if a local draft board acted in an arbitrary and capricious manner, or denies a registrant a full and fair hearing, nevertheless the registrant must comply with the board's orders and then defend his dereliction by collaterally attacking the board's administrative acts." The court did not so instruct the jury. The instruction actually given was as follows: "You are instructed that, even if a local draft board acts in an arbitrary and capricious manner, or denies a registrant a full and fair hearing, nevertheless the registrant must comply with the board's order. The registrant may not disobey the board's orders and then defend his dereliction by collaterally attacking the board's administrative acts."

This instruction—the one actually given—is not assigned as error. There was no exception to it or to any part of it. Hence we would not be required to con-

---

[1] The indictment charged that on May 8, 1942, at Glendale, Arizona, appellant, "being then and there a person liable for training and service under the Selective Training and Service Act of 1940, and the amendments thereto, and having theretofore registered under said Act, knowingly, wilfully, unlawfully, and feloniously did fail and neglect to perform a duty required of him under and in the execution of said Act and the Rules and Regulations duly made pursuant thereto, in this, that the said Arley Virgle Tudor, having been classified in Class 1-A by his local Board, being Maricopa County Local Board No. 6, created and located in Maricopa County, Arizona, under and by virtue of the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq., and the Rules and Regulations issued thereunder, and said defendant having been notified by said board to report at Glendale, Arizona, on May 8, 1942, for induction into the land or naval forces of the United States, the action of said local board, as aforesaid, being pursuant to the power conferred upon said board by the Selective Training and Service Act of 1940, and the amendments thereto, and the Rules and Regulations duly made pursuant thereto, did, knowingly, wilfully, unlawfully, and feloniously fail and neglect to report for induction, as aforesaid, as he was required to do by the notice and order of said board; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

[2] United States v. Hamilton, 109 U.S. 63, 3 S.Ct. 9, 27 L.Ed. 857; Goodfriend v. United States, 9 Cir., 294 F. 148, 150; Ramirez v. United States, 9 Cir., 23 F.2d 788, 789; Johnson v. United States, 9 Cir., 59 F.2d 42, 44; Sutton v. United States, 9 Cir., 79 F.2d 863, 864; Conway v. United States, 9 Cir., 142 F.2d 202. See, also, Hopper v. United States, 9 Cir. 142 F.2d 167, 181; Lowrance v. United States, 9 Cir., 142 F.2d 192.

[3] Assignment 2 relates to the admission of appellant's Selective Service questionnaire (appellee's exhibit 2). Assignment 3 relates to the admission of testimony of appellee's witness, Thomas B. Riordan.

[4] Wheeler v. United States, 9 Cir., 77 F.2d 216, 218; Levine v. United States, 9 Cir., 79 F.2d 364, 367; Muyres v. United States, 9 Cir., 89 F.2d 783; Levey v. United States, 9 Cir., 92 F.2d 688, 692; Waggoner v. United States, 9 Cir., 113 F.2d 867, 868; Utley v. United States, 9 Cir., 115 F.2d 117, 119; Conway v. United States, supra. See, also, Hopper v. United States, supra.

208

sider it, even if it were assigned as error.[5] If it had been excepted to and assigned as error, we still would not be required to consider it, for there is no evidence that the board whose order appellant disobeyed acted in an arbitrary or capricious manner or denied appellant a full and fair hearing.[6] Hence the instruction, even if erroneous, could not and did not prejudice appellant.[7]

▮ The principal questions discussed in appellant's brief are (1) whether the indictment charged an offense and (2) whether the evidence supports appellant's conviction. Neither question is properly raised.[8] However, we have considered the first question and hold that the indictment charged an offense.[9] To consider the second question would require a bill of exceptions containing all the evidence.[10] There is no such bill. The bill brought here does not purport to, and admittedly does not, contain all the evidence.

After the bill of exceptions was settled, the trial court ordered its clerk to transmit, and he did transmit to this court, a reporter's transcript of evidence taken and proceedings had at the trial of this case. The order was improper and ineffectual. The reporter's transcript is not a bill of exceptions and is no part of the record.[11]

▮ Undoubtedly we could, in our discretion, permit the bill of exceptions to be amended by incorporating therein all evidence contained in the reporter's transcript.[12] With a view to determining whether we should exercise that power, we have examined the reporter's transcript and find that the evidence therein supports appellant's conviction. Since, therefore, to exercise the power mentioned would avail appellant nothing, we decline to exercise it.[13]

Judgment affirmed.

[5] Wong Tai v. United States, 273 U.S. 77, 83, 47 S.Ct. 300, 71 L.Ed. 545; Andrews v. United States, 9 Cir., 224 F. 418, 419; Vedin v. United States, 9 Cir., 257 F. 550, 552; Wells v. United States, 9 Cir., 257 F. 605, 617; Henry Ching v. United States, 9 Cir., 264 F. 639, 642; Cabiale v. United States, 9 Cir., 276 F. 769, 772; Raffour v. United States, 9 Cir., 284 F. 720, 721; Deupree v. United States, 9 Cir., 2 F.2d 44, 46; Sam Wong v. United States, 9 Cir., 2 F.2d 969, 970; Feigin v. United States, 9 Cir., 3 F.2d 866, 867; Lee Tung v. United States, 9 Cir., 7 F.2d 111, 112; Alvarado v. United States, 9 Cir., 9 F.2d 385, 386; Goon v. United States, 9 Cir., 15 F.2d 841, 842; Bradshaw v. United States, 9 Cir., 15 F.2d 970, 971; Kearns v. United States, 9 Cir., 27 F.2d 854, 855; Downing v. United States, 9 Cir., 35 F.2d 454, 457; Smith v. United States, 9 Cir., 41 F.2d 215, 217; Yenkichi Ito v. United States, 9 Cir., 64 F.2d 73, 77; Hargreaves v. United States, 9 Cir., 75 F.2d 68, 73; Arnold v. United States, 9 Cir., 75 F.2d 144, 146; Levine v. United States, supra.

[6] Neither the bill of exceptions nor the reporter's transcript contains any such evidence.

[7] Bullard v. United States, 4 Cir., 245 F. 837, 839; Elgin, J. & E. Ry. Co. v. United States, 7 Cir., 253 F. 907, 911–913; Doremus v. United States, 5 Cir., 262 F. 849, 852, 13 A.L.R. 853; United States v. Klein, 7 Cir., 108 F.2d 458; Conway v. United States, supra.

[8] There was no demurrer to the indictment, no motion for a directed verdict.

[9] Cf. Hopper v. United States, supra; Lowrance v. United States, supra; Conway v. United States, supra; Elder v. United States, 9 Cir., 142 F.2d 199; Crutchfield v. United States, 9 Cir., 142 F.2d 170.

[10] Rasmussen v. United States, 9 Cir., 8 F.2d 948, 949; Smith v. United States, 9 Cir., 9 F.2d 386, 387; Hall v. United States, 9 Cir., 48 F.2d 66, 67; Patrick v. United States, 9 Cir., 77 F.2d 442, 445; Du Vall v. United States, 9 Cir., 82 F.2d 382, 383; Conway v. United States, supra. See, also, Lowrance v. United States, supra.

[11] Hursh v. Killits, 9 Cir., 58 F.2d 903; Lau Lee v. United States, 9 Cir., 67 F.2d 156; Conway v. United States, supra.

[12] See Rules 4 and 9 of the Rules of Criminal Procedure after Plea of Guilty, Verdict or Finding of Guilt, 18 U.S.C.A. following section 688; Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209; Kay v. United States, 303 U.S. 1, 9, 58 S.Ct. 468, 82 L.Ed. 607; Long v. United States, 9 Cir., 90 F.2d 482; Reiner v. United States, 9 Cir., 92 F.2d 321; Noland v. United States, 9 Cir., 92 F.2d 820; Ross v. United States, 9 Cir., 102 F.2d 113; Walker v. United States, 9 Cir., 113 F.2d 314, 316–319, 129 A.L.R. 725.

[13] Cf. Hopper v. United States, supra; Conway v. United States, supra; Flynn v. United States, 9 Cir., 139 F.2d 669.