Russell Freeman KUMPE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16540.

United States Court of Appeals Fifth Circuit.

Dec. 5, 1957.

**126**

Howard Dailey, Clyde G. Hood, Dallas, Tex., for appellant.

William N. Hamilton, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

This appeal questions the correctness of the court's charge in a trial of the appellant on a three-count indictment charging him jointly with violation of Section 1343, Title 18 U.S.C.A. which prohibits the devising of a scheme or artifice to defraud by the use of wire, radio or television. As conceded by appellant's counsel in oral argument, the only substantial point raised here relates to the use by the trial court of terminology of a conspiracy when charging the jury that the accused would be liable for acts and words of his co-defendant once the joint scheme had been established to the jury's satisfaction. Appellant particularly complains that since he was not indicted for the offense of conspiracy, 18 U.S.C.A. § 371, it was error for the court to charge "After such scheme has once been commenced the declarations of one conspirator, one of the parties, may be taken as a declaration of every other member of the conspiracy, or the other member in this case, just the same as though the other member made it, and that rule applies until the conspiracy or scheme devised has been consummated."

The weakness of appellant's argument is that it overlooks the fact that joint participants in a crime may be denominated "conspirators" and the joint act or scheme may be called a "conspiracy" since such words do not lose all of their ordinary content merely because Congress has separately created a crime of conspiracy. Nothing was said by the trial court here to indicate that the court was submitting to the jury any issue other than the issue of joint commission of the fraudulent scheme for which the parties were indicted. The mere use of the terms "conspirator" and "conspiracy" did not open up for jury speculation the possibility that the accused may also have been guilty of the substantive crime of conspiracy. The court did not err in calling joint action to defraud a conspiracy. Robinson v. United States, 9 Cir., 33 F.2d 238, 240. See Alexander v. United States, 8 Cir., 95 F.2d 873, 880, and Baker v. United States, 8 Cir., 115 F.2d 533, 540, certiorari denied 312 U.S. 692, 61 S.Ct. 711, 85 L.Ed. 1128.

The judgment of the trial court following the sentence clearly adjudged that the sentences of five years each on

counts 2 and 3 should be consecutive to that adjudged on count 1. Since the two sentences on counts 2 and 3 are to run concurrently with each other, a total sentence of ten years was adjudged by the trial court.

There being no error, the judgment is hereby affirmed.